pense with the appointment of an administrator of the estate of George Matthew Sharp.

Entry may be drawn in accordance with the views herein expressed and when approved by all counsel interested herein filed with the clerk. Bond in appeal fixed at the sum of $100.00.

ROBERT C. HOPKINS V. FRANK E. MARBURGER, ET AL.

Common Pleas Court of Stark county.

Decided October 24, 1933.

*Hart, Blumenstiel & Strong,* for plaintiff.

*George N. Graham,* prosecuting attorney; *Carl F. Klein,* ass't. prosecuting attorney, and *Harry S. Wykoff,* city solicitor of Alliance, for the defendant the Board of Elections.

HARTER, J.

The plaintiff files his petition as a taxpayer of the city of Alliance seeking to enjoin Frank Marburger, George R. Floyd, Price Janson and H. August Smith, as the board of elections of Stark county, from placing upon the ballot an initiative ordinance designed to provide a municipally owned lighting plant for the city of Alliance upon the following grounds:

1.  That the ordinance as contained in the petitions provides "Be it ordained by the council of the city of Alliance," when it strictly should be worded "Be it ordained by the people of the city of Alliance."

2.  That inasmuch as the various petitions name divers persons as the committee authorized in Section 4227-8, so that all together the persons thus nominated exceed ten in number, the petitions are not identical, as they must be under Section 4227-4, General Code.

3.  That no proper compliance was had with Section 4227-6, General Code, which provides as follows:

"Whoever seeks to propose an ordinance or measure in a municipality by initiative petition or file a referendum petition against any ordinance or measure shall before circulating such petition file a duly verified copy of the proposed ordinance or measure with the city auditor if it be a city, or with the village clerk if it be a village."

The defendants by their answer have traversed the allegations of the petition and the cause was submitted to the court upon a full agreed statement of facts which are summarized as follows:

An exact copy of the circulated petitions was left upon the desk of the city auditor between the time he closed his office on September 5th and when he opened it the following day. It never was filed by him. It contained no certificate or verification by any person. It did contain, however, an exact copy of the ordinance with regard to which the initiative petitions were circulated and was placed there before the circulation of them. It remained there until September 27th when the auditor delivered it together with petitions which are sufficient in form and contain sufficient signatures to secure the submission of the issue, to the

board of elections in Canton. These petitions, however, when taken as a whole, nominated more than three persons as the committee to file the petitions and the ordinance itself was written "Be it ordained by the council of the city of Alliance," rather than "Be it ordained by the people or the electors thereof."

A protest was filed with the board of elections by a taxpayer of the city of Alliance on September 29th, which was heard by the board on October 3rd, as a result of which it refused to place the proposition on the ballot, but subsequently the board of elections rescinded its former action at the order of the Secretary of State.

It should be understood at the outset that the court should be careful in no wise to abridge the very real and important right of the electors of Alliance or of any other place to freely and properly initiate municipal legislation. It is a fundamental right guaranteed to them by Section 1-f, Article 2 of the Constitution and Sections 4227-1 to 13, inclusive, General Code. It is the law of the land and a privilege which the court is in duty bound to protect and jealously safeguard. On the other hand, as was said by the court in *Ohio Valley Electric Ry. Co.* v. *Haggerty, Auditor*, 14 O. App. 398:

"This extraordinary power * * * is not to be exercised * * * except by a full and strict compliance with the statute from which that power is derived. It is a grant of a special right to the minority and cannot be enlarged by construction. Where a statute confers a new right, privilege or immunity the grant is strictly construed and the mode prescribed for its acquisition, preservation, enforcement and enjoyment is mandatory."

The first point, in this court's view, is readily disposed of, for it is now certain that in this sort of a proceeding the court must consider as moot any questions as to the validity of the ordinance until the same has been submitted to the electors and passed by them. *Cincinnati* v. *Hildebrand, et al.*, 103 O. S. 286.

The second point does not greatly plague the court, for the designation of a committee under Section 4227-8, General Code, is permissive and not mandatory, and at most the claimed defects in the petition would only result in the

loss to the petitioners of any benefit which they might secure by having a committee to present the question. This is a privilege which is accorded to them. By their course of action they have failed to avail themselves of it. There is no mandatory duty upon them in that regard, and since the ordinance is sufficiently set out in all the petitions the petitions are for all practical purposes identical, as that term is used in Section 4227-4, General Code.

The nub of the case is contained in the plaintiff's third ground, and upon the determination of the question presented by it depends the plaintiff's right to the relief sought. Section 4227-6, General Code, has already been quoted. It is not only mandatory in its terms but is jurisdictional as well. The securing of the passage of an initiated ordinance is a special legislative proceeding. It must be commenced in the way which the statute provides and in order to secure its submission to the electors each statutory step must be strictly complied with thereafter. Even a casual reference to the statute indicates that the first step is the filing by someone of a verified copy of the ordinance which it is proposed to enact. Verification imports ordinarily the certification to a document by someone under oath, and the filing of a document means that it is placed for record or safekeeping with some public authority authorized to receive it. In this case the copy was not sworn to, nor was it filed in the true sense of the word. It appeared in the auditor's office, as disclosed by the agreed statement of facts, some time when he was not there, and he did not know who had left it and never was notified of the purpose with which it was there deposited.

If it were not for the case of *Hocking Power Co.* v. *Harrison*, 20 O. App. 135, it would seem that this state of facts was surely not a compliance with the mandatory terms of Section 4227-6, General Code, but since that case is cited and relied upon by both parties it is necessary to analyze it in the light of the facts presented here. That was a referendum case. The ordinance to be repealed had already been passed. Someone who was sponsoring the referendum secured a copy of the ordinance. It bore its proper identification number and the sponsor procured the certification

of the clerk of council to its genuineness. The sponsor then took it and placed it on file with the auditor as the section provides. The court in that case held that all the required steps had been followed and that the genuineness of the ordinance with regard to the repeal of which petitions were to be circulated, was as well established by the certificate of the clerk as it could have been by the oath of the sponsor. With that decision this court is in full accord. Upon analysis of that case and Section 4227-6, persons who are interested in the exercise of this great privilege must comply with the following requirements:

1. The ordinance to be submitted must be filed with the auditor.

2. It must upon its face bear the statement of someone that it is the very ordinance which is to be submitted to the electors.

3. The statute by using at its outset the words "Whoever seeks to propose an ordinance, etc." clearly demands that the identity of at least someone who desires the submission of the question shall be readily ascertainable to persons who are interested.

Granting for the time being that this ordinance complies with the first requisite and was actually filed with the auditor, it does not comply with the second. There is a vast difference between the situation that existed here and the condition that existed in the case just referred to during the time that the petitions were in fact being circulated. There the ordinance was already in existence and the electors if they properly discharged their civic duties, gave heed to the proceedings of the council and were informed as to its purport, and furthermore the ordinance had been placed on file and bore the clerk's certificate, which in itself is an official verification. Here there was no ordinance in existence and the copy which was left with the auditor bore no evidence that any person interested claimed it to be identical with the one with regard to which petitions were being circulated. But since the ordinance left with the city auditor before the petitions were circulated is identical with that contained upon the petitions, if the view is taken that no verification was necessary, nevertheless the initia-

tive power has not been availed of because the third essential is completely lacking.

Under the Act someone must appear who does actually sponsor the legislation sought. The statute has not been complied with when an anonymous, unverified and uncertified copy has been left with the auditor even though it later appear that petitions, otherwise good in form, were thereafter circulated and signed by a sufficient number of the electors. In this initiative proceeding under the facts before the court the electors of the municipality could no more secure the right to initiate the ordinance by depositing the anonymous, unverified, uncertified copy than could the plaintiff in this case claim to be in court had he filed his petition without disclosing his name.

If the court may be permitted to give a homely illustration, under this initiative proceeding the citizens of Alliance are in a certain sense like a group of people who go to a garage where an automobile awaits for them, and although the key is in existence and available to them none of them has foresight sufficient to see that he brings it along; the automobile stands there, fueled and oiled and in working condition, but it cannot be availed of only if some *person* takes the pains to avail himself of the key.

For the foregoing reasons the temporary restraining order heretofore issued by the court may be made perpetual. Exceptions to defendants.