CATHERINE CASEY, Appellant, v. HOOVER and WROUGHT IRON BRIDGE COMPANY.

Division One, June 19, 1906.

1. **FOREIGN STATUTE: Right to Sue in This State: Widow: Administratrix.** The plaintiff, as widow and as administratrix, sues residents of Missouri for damages for the death of her husband, a resident of Oklahoma, due to defendants' negligence. The Oklahoma statute says that "when the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, and the damages must inure to the exclusive benefit of the widow and children, if any, or next of kin," and in all cases where the deceased was a resident of this Territory

and "no personal representative is or has been appointed, the action may be brought by the widow." *Held*, that the widow, by qualifying as administratrix of her deceased husband's estate, has precluded herself from suing as widow, and at the time the suit was brought she did not have the right, under the laws of this State, to sue as administratrix.

2. **PERSONAL REPRESENTATIVE: Meaning.** The term personal representative ordinarily means administrator or executor, and will not be held to mean widow unless there is something in the context to indicate a legislative intent to give it a wider meaning.

Appeal from Jackson Circuit Court.—*Hon. Shannon C. Douglass,* Judge.

AFFIRMED.

*C. F. Mead* for appellant.

Plaintiff had legal capacity to sue. Jones v. Railroad, 178 Mo. 528. The term representatives includes widow, heirs, distributors, assigns, etc. Heirs of Mullanphy v. Simpson, 4 Mo. 1; Loos v. Ins. Co., 41 Mo. 540; 18 Am. and Eng. Ency. Law (2 Ed.), 818, 819. William Casey, had he lived, could have maintained this action. Casey v. Hoover, 89 S. W. 330.

*Haff & Michaels* and *L. W. McCandless* for respondents.

(1) The right of action to recover damages for injuries resulting in death is entirely statutory; and the action, whether brought in the State creating the right or in any other State, must be brought by the very person and no other to whom the right to sue is given by the statutes of the State where the injuries are inflicted. McGinnis v. Car and Foundry Co., 174 Mo. 225; Railroad v. Babcock, 154 U. S. 190; Jones v. Railroad, 178 Mo. 528; Coover v. Moore & Walker, 31 Mo. 574; McNamara v. Slavens, 76 Mo. 329; Barker

v. Railroad, 91 Mo. 86; Oates v. Railroad, 104 Mo. 514; Packard v. Railroad, 181 Mo. 421. (2) The words "personal representatives," as used in the Oklahoma statute, mean the "executor or administrator." Vawter v. Railroad, 84 Mo. 679; Oates v. Railroad, 104 Mo. 514. (3) Statutes giving a cause of action to certain persons, or classes of persons, successively, to recover damages on account of the death of a decedent, do not give a joint cause of action to all persons enabled to sue, but an exclusive right to sue to the designated beneficiaries in order. McNamara v. Slavens, 76 Mo. 329; Cole v. Mayne, 122 Fed. 836.

VALLIANT, J.—Plaintiff sues to recover damages for the death of her husband caused, as she alleges, by the negligence of the defendants. The alleged wrong occurred in Oklahoma and the suit is founded on a statute of that Territory as follows: R. S. Oklahoma, sec. 4313, par. 435:

"When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed ten thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

Section 4314, par. 436; Code:

"That in all cases where the residence of the party whose death has been or hereafter shall be caused as set forth in section four hundred and thirty-five of this chapter, is or has been at the time of his death in any other State or Territory, or when, being a resident of this Territory, no personal representative is or has been appointed, the action provided in said section four hun-

dred and thirty-five may be brought by the widow, or where there is no widow, by the next of kin of such deceased.''

In her petition the plaintiff assumes to sue in three separate capacities, as widow, as administratrix of the estate of her deceased husband appointed and qualified in Oklahoma, and as the appointee of the circuit court in this State to bring this suit for the benefit of herself and her minor children.

The petition in due form states a cause of action under the Oklahoma statute if it states facts showing that the plaintiff has legal capacity to sue. Defendants filed a special demurrer to the petition on the ground that it shows that the plaintiff has not legal capacity to maintain the suit.

The petition states that her husband at the time of his death was a resident of Oklahoma and that she now resides there, the defendants are non-residents of Oklahoma, and therefore beyond the reach of process in that Territory and for that reason she cannot sue them there. The suit was begun before the decision of this court in McGinnis v. Mo. Car & Foundry Co., 174 Mo. 225, and the plaintiff's appointment and authorization by the circuit court to maintain the suit was under section 548, Revised Statutes 1899, which this court in the McGinnis case decided was invalid. It was after that decision that the demurrer came on to be heard and, doubtless being guided by that decision, the court sustained the demurrer and the plaintiff appealed.

Plaintiff does not now contend that she can maintain the suit by virtue of her appointment under section 548 or by virtue of her appointment as administratrix in Oklahoma, but she claims that under the law as declared in Jones v. Railroad, 178 Mo. 528, she is entitled to sue in the capacity of widow.

In the McGinnis case the suit was founded on a statute of Illinois similar to the Oklahoma statute, but

with this difference, the Illinois statute conferred the right to sue on the personal representatives only of the deceased, for the exclusive use and benefit of the widow and next of kin.

Our statute, section 548, was aimed to meet such a case and it provided that when the foreign statute did not confer the right to sue on those for whose benefit the suit was to be brought, a court in this State (where the suit might, under section 547, be brought), was authorized to appoint some one for that purpose and he by virtue of such appointment might sue. McGinnis was appointed under section 548. But this court held that inasmuch as the right of action was created by the Illinois statute alone, no one could sue except the one upon whom that statute conferred the right, and that therefore section 548 was invalid.

Jones v. Railroad, 178 Mo. 528, was founded on a Kansas statute of which the Oklahoma statute seems to be a literal copy, and which differs from the Illinois statute in this important particular, it confers right to sue on the personal representatives of the deceased, but it provides that if the deceased at the time of his death was not a resident of Kansas, or, being a resident, if no administrator of his estate was appointed, the widow might sue and if no widow then the next of kin. In that case the deceased was killed in Kansas, but his residence at the time of his death was in Missouri, and there was no administration on his estate. The widow in that case had herself appointed as next friend to her infant child and brought suit in her capacity as widow and also in her capacity as next friend of her child. We held that the widow could maintain the suit in her capacity as widow alone because the Kansas statute gave her that right, that the sum recovered was for the benefit of herself and child as the Kansas statute declared, and that when she sued as widow she was in legal effect suing as a trustee of an express trust, and whilst she need not have joined her child in the suit

as co-plaintiff, yet she was not prohibited doing so and therefore the petition was not defective for misjoinder of parties.

Under the law as declared in those two cases no one can maintain a suit to recover under the foreign statute except one upon whom the foreign statute confers the right. We denied McGinnis the right to sue because the Illinois statute did not give him such right and we allowed Mrs. Jones to maintain her suit as widow because the Kansas statute gave her that right. The doctrine in the Jones case was re-affirmed in Lee v. Railroad, 195 Mo. 400.

There is, however, this difference between the Jones case and the case at bar: in the Jones case the deceased was a resident of Missouri, and there had been no administrator of his estate appointed in Kansas, whereas in the case at bar the deceased was a resident of Oklahoma and an adminstrator of his estate has been appointed in Oklahoma. The statute of Oklahoma, like the statute of Kansas, confers the right to sue first on the personal representatives of the deceased and it is only in case the deceased was a non-resident of Oklahoma or being a resident of that Territory there was no administrator of his estate appointed there, that the right to sue was given to the widow or next of kin.

The plaintiff by qualifying as administratrix of her deceased husband's estate has unfortunately for herself created the condition which under the Oklahoma statute precludes her from suing as widow.

It is said in the brief for the plaintiff that the term "personal representatives" ought not to be limited to executors and administrators, but ought also to embrace widows. The term ordinarily means only executors and administrators, and therefore it should be so construed unless there is something in the context that indicates that it was used with a wider meaning. There is nothing in the context of this statute to indicate any such idea, in fact, the words "when, being a resident, no

personal representative is or has been appointed," shows that the lawmaker had in mind a representative who was to become so by appointment.

The fact that the defendants are beyond the reach of process in Oklahoma may be unfortunate for the plaintiff, but that cannot alter the statute.

Since the decision in the McGinnis case the General Assembly has, doubtless with a view to that decision, amended the law so as to allow a foreign executor or administrator in such case to sue here (Laws 1905, p. 95), but we are to judge the propriety of the ruling of the circuit court sustaining the demurrer to the petition by the law as it was when the court made its ruling and by that law the ruling was right. The judgment is affirmed.

All concur.