The Hocking Power Co. *v.* Harrison, Aud.

*Statutory construction—Mandatory and directory provisions —Municipal corporations—Initiative and referendum—Petition valid although city not inserted by signers thereof —Section 4227-4, General Code—Filing copy of proposed ordinance, sufficient, when—Section 4227-6, General Code.*

1. A statute may be mandatory in some respects without being so in others.
2. Failure of those who sign a referendum petition under the provisions of Section 4227-4, General Code, to write after their names the name of the municipal corporation in which the referendum is sought, when the petition shows on its face that those signing it are residents of such city, does not invalidate such petition.
3. While Section 4227-6 provides that whoever seeks to file a referendum petition against any ordinance or measure shall, before circulating such petition, file a duly verified copy of such ordinance with the city auditor or village clerk, a copy of such ordinance or measure certified as true by the clerk of the council is a sufficient compliance with such section.

(Decided June 2, 1925.)

Appeal: Court of Appeals for Jackson county.

*Mr. J. P. Wood; Mr. Harry B. Reese; Messrs. Hogan, Hogan & Hogan,* and *Mr. Joseph McGhee,* for plaintiff.

*Messrs. H. W. Ankrom,* city solicitor, and *Mr. Roy J. Gillen,* for defendant.

Sayre, J.  The council of the city of Wellston on December 30, 1924, passed an ordinance, No. 731, granting to the plaintiff the right to furnish

[1] Statutes, 36 Cyc. p. 1157; [2] Id., p. 942; [3] Id.

electric energy to the city of Wellston and its inhabitants for heat, power and other purposes. This ordinance was vetoed by the mayor January 1, 1925, and on January 15, 1925, council passed the ordinance over his veto. Later a referendum petition was filed by electors of Wellston with the defendant for the purpose of having the question submitted to the electors of the city at the regular election to be held November, 1925. This suit was brought to restrain the defendant from certifying such petition to the Board of Deputy State Supervisors of Elections, as required by Section 4227-2, on the ground that the referendum petition is illegal and invalid in the following respects:

(1)  Each of the signers thereof, except four, failed to place on said petition, after his name, his place of residence, as required by Section 4227-4 of the General Code of Ohio.

(2)  A duly verified copy of said ordinance was not filed with the defendant before said petition was circulated, as required by Section 4227-6 of the General Code of Ohio.

(3)  Plaintiff says there is not placed on said petition after the name of any signer, except four thereof, the place of residence of such signer as required by law.

The referendum petition contains the following:

"We, the undersigned, electors of the City of Wellston, Ohio, respectfully order that Ordinance No. 731, passed by the Council of said city on the 30th day of December, 1924, be submitted to the electors of such city for their approval or rejection at the regular election to be held on the 3rd day of November, 1925."

All the persons who signed the petition, except four, wrote their names thereon in ink, wrote the date of signing, and under the heading, "Place of residence, street and number, if any," gave the street numbers of their places of residence, the names of the streets, and their wards and precincts, but they did not write thereon the name "Wellston" or "City of Wellston."

Section 4227-4 provides in part:

"Each signer of any such initiative or referendum petition must be an elector of the municipal corporation in which the election, upon the ordinance or measure proposed by such initiative petition or the ordinance or measure referred by such referendum petition, is to be held, and shall place on such petition, after his name, the date of signing, his place of residence, including street and number, if any, and the ward and precinct."

In the absence of averments to the contrary in the petition filed in this case, the persons who signed the referendum petition are admittedly electors of the city of Wellston, and reside at the street numbers and on the streets and in the wards and precincts which are named in such referendum petition. Not only that, but the referendum petition itself declares that they are all electors of Wellston; and the petition being signed by such electors "with knowledge of the contents thereof," in the language of Section 4227-4, it is their solemn declaration on the face of the petition that they reside in Wellston.

The legislative purpose as appears by Section 4227-4 is to require the persons signing petitions to place upon the same their residences, including

street and number, ward and precinct, to make it convenient as well as possible to investigate whether such persons are electors of the municipality at the time of signing. All this information appears upon the petition here in controversy. The defect in the petition is that the persons signing it did not write *after* their names the name of the city. The information required, and all the information required, appears in the petition, but it does not appear at the place which the statute designates. It is apparent why the Legislature should require the residence, including street and number, ward and precinct, to appear on the referendum petition, but every conceivable event which might affect a referendum, from its initiation to its close, will be explored in vain to discover any cause for making imperative the provision that the name of the city of the petitioner's residence must appear after his signature rather than before, provided always that that be clearly and plainly indicated, as it is in the referendum petition now under consideration.

While some provisions of a statute may be clearly mandatory, in order that the intention of the Legislature may be carried out, yet it does not follow that all the provisions of a statute containing such mandatory provisions are mandatory. As decided in *Carrier* v. *Comstock,* 108 Ark., 515, 159 S. W., 1097: "A statute may be mandatory in some respects without being so in others."

We hold, therefore, that failure to comply with the requirement that the name of the city of the petitioner's residence be written after his signature, as provided in Section 4227-4, does not in-

validate the petition, if such name plainly appears in the body of the petition.

The second challenge to the validity of the referendum proceeding made by plaintiff's petition calls for a determination of the meaning of the word "verified," as it appears in Section 4227-6, General Code:

"Whoever seeks to propose an ordinance or measure in a municipality by initiative petition or file a referendum petition against any ordinance or measure shall before circulating such petition file a duly verified copy of the proposed ordinance or measure with the city auditor, if it be a city, or with the village clerk, if it be a village."

A copy of the ordinance was filed with the auditor of Wellston, but the copy was not sworn to. It was certified as true by the clerk of the council of Wellston.

It is not claimed that a true copy of the ordinance was not filed, but it is said that it must be sworn to, since "verify" means "sworn to."

The plain purpose of the Legislature was to require that a true copy of the ordinance be filed with the auditor of the city, or village clerk, as the case might be, so that it could be inspected by anyone interested. The provision that a true copy be filed is clearly mandatory; but to hold that it must be verified by oath, and cannot be verified by certificate, when such certificate would be sufficient verification for its admission as evidence in any court in the state, is to carry the mandatory conception of the statute to an unwarranted extreme. Especially is this true in the case of a referendum petition, where the ordinance is a pub-

lic document already open to inspection by the public and on file with the proper officer of the municipality. The filing of a copy of the ordinance with the auditor of the city of Wellston, certified as true by the clerk of council, was a substantial compliance with Section 4227-6, and a substantial compliance with a mandatory statute is sufficient. *Devine* v. *State, ex rel. Tucker,* 105 Ohio St., 288.

The only difference between the copy of the ordinance in the referendum petition and the copy filed with the city auditor is that in the former the language is "An Ordinance granting to The Hocking Power Company," etc., while in the latter it is "Ordinance No. 731. Granting to The Hocking Power Company," etc. However, in the referendum petition the number of the ordinance is given, and the addition of the Article "An" is certainly of no consequence.

The decree will be in favor of the defendant. The petition will be dismissed at the costs of plaintiff.

*Decree for defendant.*

MAUCK, P. J., and MIDDLETON, J., concur.