In the Matter of STANLEY SMITH, Respondent, *v.* NEW YORK CITY TRANSIT AUTHORITY, Appellant.

First Department, February 26, 1963.

*Abraham Satran* of counsel (*Helen R. Cassidy* with him on the brief; *Sidney Brandes,* attorney), for appellant.

*Louis S. Zappulla* for respondent.

*Per Curiam.* Defendant appeals from an order of Special Term granting plaintiff's motion for leave to serve a notice of claim. The accident occurred on July 28, 1961. Notice was not served until July 13, 1962. Plaintiff claims that he was inca-

pacitated during this period and hence excused. If his claim is justified the result he envisages follows (*Volpe* v. *City of New York,* 9 A D 2d 786).

Incapacity in this connection means practical inability to execute the claim and attend to its service (*Matter of Rosenberg* v. *City of New York,* 309 N. Y. 304, 308). In the event of incapacity the court may extend the 90-day period in which service is allowed to a reasonable time after incapacity ceases. The question here is as to the showing of incapacity.

The injury here was a subcapital fracture of the right femur. Plaintiff was hospitalized from the date of the accident until October 13, 1961. He was in a nursing home until November 30, 1961. At that time he went home. He returned to the hospital in June, 1962 for further surgery. His doctor gives an affidavit in which he states he has been incapacitated from the time of the accident. However, this means incapacitated from working. It cannot mean incapacity from executing a claim and seeing to its service, because he has done that.

He states: "I was not able, until April 25, 1962, to investigate into the facts and circumstances of said accident or to consult attorneys in the matter." On that date he did consult with attorneys and was advised of his rights. Having the capacity to investigate into the facts, no change in condition from that time until the date on which he did execute the notice is claimed. That is a period of 79 days. Neither he nor his attorneys give any excuse. Furthermore, it appears that plaintiff in company with his attorney visited the scene of the accident and made further investigation. If he was sufficiently alert and mobile to do that in April, he was likewise capable of executing the claim and attending to its service. It is to be noted that the statute does not extend the period of service for 90 days but only for a reasonable time. Giving plaintiff credit for consulting an attorney on the first day that his condition allowed, the time is still unreasonable.

Nor is the defendant's opposition technical. The notice of claim shows an accident not due to defective appliances or construction or other conditions of which defendant should have been aware. It was due to acts of other passengers and was not reported. Under the circumstances, prompt notice, or notice as prompt as the law requires, is called for.

The order should be reversed on the law and the facts and as a matter of discretion, and the motion denied, with costs to the appellant.

RABIN, J. P., McNALLY, STEVENS, EAGER and STEUER, JJ., concur.

Order, entered on or about July 31, 1962, unanimously reversed, on the law, on the facts and in the exercise of discretion, with $20 costs and disbursements to appellant, and the motion denied.