**COLONIAL BUILDERS AND INVESTORS, INCORPORATED and Donald H. McMurtrie**

v.

**Joan MEIER.**

Supreme Judicial Court of Maine.

Argued March 13, 1980.

Decided July 7, 1980.

---

**423**

Childs, Emerson & Rovzar by Roderick R. Rovzar, orally, Portland, Markos & Roy by Peter R. Roy, Ellsworth, for defendant.

Before GODFREY, NICHOLS, GLASS-MAN and ROBERTS, JJ., and DU-FRESNE, A. R. J.

DUFRESNE, Active Retired Justice.

The corporate plaintiff Colonial Builders and Investors, Incorporated (Colonial) and the individual plaintiff Donald H. McMurtrie, described in the action as president of Colonial, joined in an action of forcible entry and detainer brought against Joan Meier pursuant to 14 M.R.S.A. § 6012, in which they sought delivery of possession of numerous items of personal property allegedly belonging to the plaintiffs.

After hearing, the Judge of the District Court (Fifth District, Division of Central Hancock) made the following findings: First, he found that all the items of personal property enumerated in Exhibit A attached to the single complaint were purchased by Colonial; that the absence of corporate purpose indicated the corporation's ownership to be a sham; that in fact the personalty was purchased by the corporation for the plaintiff Donald H. McMurtrie for past services rendered. Secondly, he found that, during the period of time when these purchases were made, the individual plaintiff, McMurtrie, the defendant Meier and her daughter were cohabiting in an apartment as a family unit without the benefit of marital ties or blood relationship.

The Judge of the District Court, then, introduced his conclusory order, which, he expressly stated, was "[b]ased on all of the foregoing [findings];" his order, as implemented in the ensuing judgment, was to the effect that an appraisal of the personalty enumerated in Exhibit A be made and that the plaintiff [meaning the individual plaintiff McMurtrie] be given the opportunity to purchase from the defendant Meier the property in dispute for one half of its appraised value or, alternatively, that it be physically divided between the parties [meaning the individual plaintiff McMurtrie and the defendant Meier].

Libhart, Ferris, Dearborn, Willey & Fern by Joel A. Dearborn, orally, Ellsworth, for plaintiffs.

The plaintiffs appealed to the Superior Court, Hancock County. Their appeal was denied and the case was remanded to the District Court "for entry of judgment in accordance with this opinion," meaning that the judgment of the District Court was being affirmed. The Superior Court ruled that there was no error of law on the part of the District Court, stating that

"[a] Court, sitting in equity, may treat the property of parties living together as husband and wife or a family unit in accordance with the marital property analogue, 19 M.R.S.A. § 722–A, which provides for a presumption that after acquired property to the marital relationship is the property of both parties."[1]

The plaintiffs have timely appealed to this Court, contending that the District Court, as well as the Superior Court in affirming the District Court judgment, committed reversible error of law, when a division of the reference personal property was ordered on the sole basis of cohabitation. We reverse, but not on the merits; rather, our reversal is grounded solely on the fact that the District Court did not have jurisdiction to try the issue of the right to possession of the several items of the reference personalty based on the conflicting claims of title between the plaintiffs and the defendant, an issue which the court entertained notwithstanding the defendant's failure to assert by answer an affirmative claim of title in herself.

The complaint alleges that "[o]wnership of these items of personal property is in the Plaintiffs who have evidence of title thereto" and that "[a] dispute now exists between the Plaintiffs and the Defendant as to the rights of the parties to these items of personal property." As previously indicated, even though the defendant Meier did not file an answer claiming title in herself as required by Rule 80D(c),[2] the District Court purported to try the parties' respective rights to possession of the personalty based on conflicting claims of title. Such is evident from the District Court Judge's findings and order hereinbefore recited, wherein he adjudged title and the ensuing right of possession between the corporate and individual plaintiffs, and further ordered disposition of the property between McMurtrie and the defendant Meier in the manner that marital property is divided between the respective spouses in a proceeding for divorce or legal separation.

Section 6012 of Title 14, which created the action of forcible entry and detainer for the recovery of possession of personal property, is structured in its entirety (mutatis mutandis) in the mold of the statutory process of forcible entry and detainer respecting real property (14 M.R.S.A. §§ 6001–6008). The statutory language is the same for both actions, whether involving real or personal property, and the respective judicial process is contained in the same chapter entitled Entry and Detainer (chapter 709). Identical legislative provisions, although applicable to different objects, indicate on the part of the Legislature a common underlying intent to provide in 14 M.R.S.A. § 6012 a judicial process for the recovery of possession of personal property similar to the forcible entry and detainer action long-available in the case of real estate. It is the duty of this Court to view as a single piece of legislation the several

---

1. The Superior Court Justice, and the Judge of the District Court also for that matter, might not have decided the case as they did, had our decision in *Grishman v. Grishman*, Me., 407 A.2d 9 (1979) been certified before their respective disposition of the matter. In *Grishman*, we held that an interest in real property acquired by a husband while the parties were unmarried cohabitants was not marital property under 19 M.R.S.A. § 722–A.

2. Rule 80D(c) Defendant's Pleading. If the defendant claims title in himself or in another person under whom he claims the premises [the personal property], he shall assert such claim by answer filed on or before the return day, and further proceedings in the action shall be as provided by law. Otherwise he may appear and defend without filing a responsive pleading.

14 M.R.S.A. § 6012 provides in pertinent part: Civil rules of procedure as now exist or may hereafter be amended in cases of forcible entry and detainer shall apply in said actions [for possession of personal property] insofar as same shall be applicable.

statutes governing the same general subject matter such as the summary recovery of property, notwithstanding they may refer to different particular types of property within the general classification. We must presume that the Legislature, in setting up parallel remedies, sought to establish a single consistent remedial pattern, compelling a similar construction of its several provisions worded in the same terminology. See *Delano v. City of South Portland*, Me., 405 A.2d 222 (1979).

This Court, in *Bicknell Manufacturing Company v. Bennett*, Me., 417 A.2d 414 (Opinion June 27, 1980), has thoroughly analyzed our statutory legislation respecting the action of forcible entry and detainer as it concerns real property and has ruled that, when there is a conflict of titles upon which the ultimate decision respecting the possessory rights of the parties must depend and such conflict is put in issue by the defendant's assertion in his answer that he claims title to the premises in himself or in another person under whom he claims, the District Court has no jurisdiction to use what was intended to be a summary process to try the possessory right to real estate and convert the same into an extended trial of title to lands. In such circumstances, the issue of conflicting titles is only triable in the Superior Court, and the parties must thereupon proceed in accordance with the conditions provided by law to bring the action within the cognizance of the Superior Court.

Since the Legislature, in providing the action of forcible entry and detainer for the summary recovery of personal property, used identical language as pertains to the summary process of forcible entry and detainer to secure a speedy eviction in the case of real property, the ruling in *Bicknell Manufacturing Company v. Bennett* is equally applicable to the instant case and the District Court acted outside the bounds of its jurisdiction when it purported to try the contested issue of title to personal property between the parties in the instant case.

The determination by the District Court that the rights of the parties to the personal property in question was to be resolved on the basis of cohabitation of the parties as a family unit in analogy to the disposition of marital property in divorce or separation was an adjudication of title and beyond the jurisdiction of the trial court in an action of forcible entry and detainer.

The entry is:

Appeal of Colonial Builders and Investors, Incorporated, sustained.

Appeal of Donald H. McMurtrie sustained.

Remanded to the Superior Court for entry of remand order to the District Court vacating the District Court judgment and for further proceedings under the plaintiffs' existing District Court complaint, the time for filing answer thereto, if the defendant may so desire, to be within 7 days from the filing of said mandate in the District Court; otherwise, the case to proceed according to law.

All parties to pay their own costs.

All concurring.