Beatrice BEEGAN

v.

**James L. SCHMIDT.**

Supreme Judicial Court of Maine.

Argued Nov. 6, 1981.

Decided Nov. 9, 1981.

Mark S. Kierstead (orally), Waterville, for plaintiff.

Preti, Flaherty & Beliveau, Christopher D. Nyhan (orally), John P. Doyle, Jr., Portland, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, CARTER and VIOLETTE, JJ.

## MEMORANDUM DECISION.

In addition to alleging negligence in diagnosing and treating plaintiff's dental prob-

lems, her complaint in this action against a dentist alleges that she suffered personal injury from the dentist's breach of an implied warranty "that all work would be done by the Defendant to the standards of the dental profession and that the Defendant would use and exercise the care and skill by dentists in the practice of dentistry in the County of Kennebec, State of Maine, or similar localities." Both the claims in negligence and those in implied contract are controlled by the two-year statute of limitations applicable to "[a]ctions for ... malpractice of physicians and all others engaged in the healing art," 14 M.R.S.A. § 753 (1980), and not by the general six-year statute of limitations, 14 M.R.S.A. § 752 (1980). *See Woolley v. Henderson*, Me., 418 A.2d 1123, 1135 (1980) ("where a plaintiff claims he has suffered personal injury as the result of a physician's faulty diagnosis or mistreatment, his remedy lies in a complaint for negligence, not in an action on an implied contract to exercise due care"). Since plaintiff concededly commenced her action more than two years, though less than six, after her cause of action accrued, the Superior Court correctly dismissed her action.

The entry must be:

Judgment affirmed.

All concurring.