Phyllis G. GIVERTZ, Adm'x, Estate of
Patricia Carlson

v.

MAINE MEDICAL CENTER, et als.

Supreme Judicial Court of Maine.

Argued Jan. 7, 1983.

Decided April 26, 1983.

Dunlap & O'Brien, Mark E. Dunlap (orally), Portland, for plaintiff.

Weeks, Hutchins, Frye, Welch & O'Donnell, Roger A. Welch (orally), Waterville, for Mehrhof.

Hewes, Culley, Feehan & Beals, Philip M. Coffin, III (orally), Peter W. Culley, Martica Sawin, Portland, for Merrill.

Before McKUSICK, C.J., NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ., and DUFRESNE, A.R.J.

DUFRESNE, Active Retired Justice.

The plaintiff, Phyllis G. Givertz, was appointed administratrix of the Estate of Patricia Carlson on June 15, 1979. The plaintiff's intestate, Mrs. Carlson, on July 6, 1978, had committed suicide shortly after her admission on that same day to the Augusta Mental Health Institute on a voluntary readmission basis. Immediately prior thereto, Mrs. Carlson had been admitted to the Maine Medical Center emergency room in Portland as a result of an earlier suicide attempt on her part. On May 28, 1980, the plaintiff, in her capacity of administratrix of the estate, pursuant to 18 M.R.S.A. §§ 2551–2553,[1] brought an action for

---

**1.** 18 M.R.S.A. § 2552 provided in part that "[e]very such action [for wrongful death] shall be brought by and in the names of the personal representatives of such deceased person, . . . ." By virtue of the adoption of the Probate Code, effective January 1, 1981 (*see* P.L.1979, c. 540, § 53), the whole chapter 18 of the revised statutes was repealed and the former sections 2551, 2552 and 2553 of chapter 18 were re-enacted in modified form with which we need not concern ourselves and codified as sections 2–804(a), 2–804(b) and 2–804(c) of chapter 18–A.

18 M.R.S.A. § 2553 provided in full as follows:

Whenever death ensues following a period of conscious suffering, as a result of personal injuries due to the wrongful act, neglect or default of any person, the person who caused the personal injuries resulting in such conscious suffering and death shall, in addition to the action at common law and damages recoverable therein, be liable in damages in a separate count in the same action for such death, brought, commenced and determined and sub-

wrongful death of her intestate in the Superior Court, Cumberland County, against both hospitals, the State of Maine and ten named defendants, including Drs. David Merrill and Edward Mehrhof. In her complaint, the plaintiff also sought in a separate count damages for conscious suffering of her decedent. The suit alleged negligence in the diagnosis, treatment and supervision of Mrs. Carlson, as well as a violation of her constitutional rights under color of state law. In this appeal, we are solely concerned with the propriety of the Superior Court justice's granting of the doctors' respective motions for dismissal. In the case of the defendant Merrill, we deny the plaintiff's appeal and affirm the judgment of dismissal. In the case of the defendant Mehrhof, we vacate the judgment of dismissal in his favor and remand for further proceedings.

1

*Dr. Merrill's motion to dismiss*

The plaintiff's complaint, filed with the court on May 28, 1980, was served on Dr. Merrill on June 26, 1980;[2] thus, the reference action, so far as Dr. Merrill is concerned, was commenced within the two-year statute of limitations, whether the suit be viewed as governed by 14 M.R.S.A. § 753[3] or 24 M.R.S.A. § 2902.[4] Instead of answering the complaint within 20 days after service of the summons and complaint upon him (Rule 12(a), M.R.Civ.P.), Dr. Merrill within the 20 days made a motion to dismiss the complaint with prejudice and costs, alleging as ground therefor that

the Plaintiff has failed to comply with 24 M.R.S.A. § 2903 in that no written notice

ject to the same limitation as to the amount recoverable for such death and exclusively for the beneficiaries in the manner set forth in section 2552, separately found, but in such cases there shall be only one recovery for the same injury.

2. 14 M.R.S.A. § 553 provides that
 [a]n action is commenced when the summons and complaint are served or when the complaint is filed with the court, whichever occurs first.

3. 14 M.R.S.A. § 753 provides as follows:

of claim setting forth under oath the nature and circumstances of the injuries and damages alleged has been served upon the defendant, David Merrill, M.D., at any time prior to the commencement of this action.

The Legislature, in 24 M.R.S.A. § 2903, intended to implement the recommendation of the Pomeroy Commission which viewed the mandatory ninety-day notice of medical malpractice claims prior to the commencement of any action for damages on account thereof as a reprieve period before the parties locked horns in a very sensitive judicial proceeding, the Commission believing that such waiting period prior to suit would be beneficial to the parties and the public by helping weed out doubtful claims and encouraging the settlement of meritorious ones. *See Jagoe v. Blocksom,* 440 A.2d 1022, 1025 (Me.1982). The statute, expressly termed as An Act to Implement the Recommendations of the Pomeroy Commission on Medical and Hospital Malpractice Insurance (*see* P.L. 1977, chap. 492), in section 2903 of the general provisions of the Act, specifically provided that

[n]o action for death or injuries to the person arising from any medical, surgical or dental treatment, omission or operation shall be commenced until at least 90 days after written notice of claim setting forth under oath the nature and circumstances of the injuries and damages alleged is served personally or by registered or certified mail upon the person or persons accused of wrongdoing. Any applicable statute of limitations shall be tolled for a period of 90 days from service of notice.

Actions for assault and battery, and for false imprisonment, slander, libel and *malpractice of physicians* and all others engaged in the healing art shall be commenced within 2 years after the cause of action accrues. (Emphasis added).

4. 24 M.R.S.A. § 2902 reads in pertinent part:
 An action for damages for injury or death against .... *any hospital or its employee,* whether based *upon tort* or breach of contract or otherwise, *arising out of patient care,* shall be commenced within 2 years after the cause of action accrues. (Emphasis ours).

We immediately point out that in requiring service of a ninety-day mandatory notice of claim prior to the actual bringing of a malpractice suit, the Legislature at the same time integrated this specific legislation into *any* applicable statute of limitations respecting such actions. Having in mind that such actions must be commenced within two years after the cause of action accrues, whether it be 14 M.R.S.A. § 753 or 24 M.R.S.A. § 2902, the Legislature affirmatively kept the full two-year period intact by providing a tolling of the limitations statute for the required ninety-day run of the notice of claim. Such integration of the two statutes manifests an intent on the part of the lawmakers to make the ninety-day pre-action notice of malpractice claims a mandatory requirement *within* the two-year limitations statute applicable to the commencement of malpractice suits, which statute has been construed by this Court as mandatory. *Millett v. Dumais,* 365 A.2d 1038 (Me.1976). *See also Beegan v. Schmidt,* 436 A.2d 893 (Me.1981).

In interpreting the reference legislation, we held, in *Paradis v. Webber Hospital,* 409 A.2d 672 (Me.1979), that a notice of claim not under oath was insufficient to toll the two-year statute of limitations and a malpractice suit commenced more than two years after the cause of action for medical malpractice accrued was subject to dismissal upon motion. In the instant case, the malpractice action was commenced within the two-year period of limitations, but no attempt was made during the two-year period to serve any notice of malpractice claim upon Dr. Merrill, let alone a pre-action notice as required by the statute.

In *Dougherty v. Oliviero,* 427 A.2d 487 (Me.1981), we held that the statutory notice of claim had no relationship to the court's jurisdiction, but was an affirmative defense which is waived if not raised by the defendant pursuant to Rule 8(c), M.R.Civ.P. Here, the defendant Merrill did raise the plaintiff's noncompliance with the notice of claim requirement in his motion to dismiss. In *Dougherty,* we held that, "[a]s long as an action is commenced before the expiration of the statute of limitations," and a sufficient notice of claim was served *within* the period of limitations, although shortly after the commencement of the action in violation of 24 M.R.S.A. § 2903, the noncompliance with the notice-of-claim statute does not necessarily require dismissal of the action, but that a stay of the proceedings would have been the appropriate remedy. In the instant case, the plaintiff did not comply with 24 M.R.S.A. § 2903 at any time within the two-year period of limitations so far as Dr. Merrill is concerned, and thus it is distinguishable from the Dougherty case.

Again, in *Michaud v. Northern Maine Medical Center,* 436 A.2d 398 (Me.1981), we pointed out that in *Dougherty*

> [b]oth filing of the complaint and service of the notice occurred within the two-year limitations period of 14 M.R.S.A. § 753. *Id.* at 401.

In *Michaud,* the defective notice of malpractice claim (defective for failure to be under oath) was served on the defendant hospital some eleven months before commencement of the action. Though defective in one aspect, the notice of claim in *Michaud,* given in an apparent attempt to comply with the requirements of 24 M.R.S.A. § 2903, was received by the hospital well in advance of both the filing of the complaint and the expiration of the limitations period for bringing suit. The reference notice in *Michaud* gave adequate information permitting the hospital to assess its exposure and investigate further, if necessary, for possible negotiation of settlement; under such circumstances, the statutory requirement that the written notice of claim setting forth the nature and circumstances of the injuries and damages be "under oath," we held, did not mandatorily compel the dismissal of the action.

In the present case, the plaintiff's present attorney in his brief does not dispute that formal notice of the malpractice claim against Dr. Merrill pursuant to 24 M.R.S.A. § 2903 was *not* served on Dr. Merrill within the two-year limitations period. He seeks

to excuse the noncompliance by reason of his filing the statutory notice of claim on December 12, 1978 with the Augusta Mental Health Institute in connection with a prospective tort claim against that State agency and the State of Maine pursuant to 14 M.R.S.A. § 8107.[5] But that notice does not bring the plaintiff's case within the scope of 14 M.R.S.A. § 8107. In the first place, concededly, the notice of claim was addressed to and filed with the State of Maine and the Augusta Mental Health Institute (a State agency—see 34 M.R.S.A. § 2101); it did not purport to be addressed to or filed with Dr. Merrill, nor was *any* such notice directed to or filed with Dr. Merrill at that time, whether original or copy. Secondly, at the time of the reference notice, no personal representative of the estate of Mrs. Carlson had been appointed and there was no claimant within the meaning of section 8107, since Mrs. Carlson, the original potential claimant was deceased. Neither the self-appointed attorney's advanced notice prior to the appointment of a personal representative qualified to bring suit for the estate, nor whatever correspondence there may have been be-tween that attorney, the Attorney General or any representative of the Augusta Mental Health Institute could substitute for the statutory notice of claim to Dr. Merrill personally, required by 24 M.R.S.A. § 2903, or by 14 M.R.S.A. § 8107(4) which provides that no claim or action shall be commenced against a governmental entity *or employee* in the Superior Court unless the foregoing notice provisions [of 14 M.R.S.A. § 8107] are substantially complied with.

Section 8107 says (1) that *a claimant or his personal representative* shall file the written notice, and (2) that if *the claimant is incapacitated* and thereby prevented from presenting and filing the claim within the 180 days after the cause of action accrues, any relative, attorney or agent representing the claimant may present and file the claim on behalf of the claimant; this statutory language does not permit characterizing the stated premature notice to Augusta Mental Health Institute as substantial compliance under the statute, even if the alleged claim were viewed as being presented to and filed with Dr. Merrill through the Institute as his employer. It is

---

**5.** 14 M.R.S.A. § 8107 provides in pertinent part as follows:

§ 8107. Notice to governmental entity

1. Notice requirements for filing. Within 180 days after a cause of action against a governmental entity accrues, or at a later time within the limits of section 8110, when a claimant shows good cause why notice could not have reasonably been filed within the 180-day limit, *a claimant or his personal representative* shall file a written notice containing:

A. The name and address of the claimant, and the name and address of his attorney or other representative, if any;

B. A concise statement of the basis of the claim, including the date, time, place and circumstances of the act, omission or occurrence complained of;

C. The name and address of any governmental employee involved, if known;

D. A concise statement of the nature and extent of the injury claimed to have been suffered; and

E. A statement of the amount of monetary damages claimed.

2. Incapacity. If the *claimant is incapacitated* and thereby prevented from presenting and filing the claim within the time prescribed or if the claimant is a minor, the claim may be presented and filed on behalf of the claimant by any relative, attorney or agent representing the claimant.

3. Notices.

A. *If the claim is against the State or an employee thereof, copies of the notice* shall be addressed to and filed with the state department, board, agency, commission or authority whose act or omission is said to have caused the injury and the Attorney General.·

\* \* \* \* \* \*

4. Substantial notice compliance required. *No claim or action shall be commenced against a governmental entity or employee in the Superior Court unless the foregoing notice provisions are substantially complied with.* A claim filed under this section shall not be held invalid or insufficient by reason of an inaccuracy in stating the time, place, nature or cause of the claim, or otherwise, unless it is shown that the governmental entity was in fact prejudiced thereby. A claim filed under this section shall not be held invalid solely because a claim based on the same facts was filed under a different statutory procedure and was disallowed.

\* \* \* \* \* \*

(Emphasis added).

obvious that the use of the word "claimant" in the statute refers to the injured person, if alive; this is reinforced by the fact that the statute requires the notice to be filed by the claimant *or his personal representative* and that the filing by a relative, attorney or agent is permitted if the claimant is incapacitated, *i.e.* incapacitated by his injury and not incapacitated by death. Incapacity of the claimant in this connection means inability to execute the claim and attend to its service. *See Smith v. New York City Transit Authority,* 18 A.D.2d 10, 238 N.Y. S.2d 250, 251 (1963). And, the term "personal representative" should be construed as meaning only executors and administrators of a person deceased, unless a broader meaning may be perceived to have been intended by the Legislature, which does not appear here. *See Downtown Nursing Home, Inc. v. Pool,* 375 So.2d 465, 466 (Ala. 1979); *Casey v. Hoover,* 197 Mo. 62, 94 S.W. 982, 983 (1906); *Briggs v. Walker,* 171 U.S. 466, 471, 19 S.Ct. 1, 3, 43 L.Ed. 243 (1898). *But see Unsatisfied Claim and Judgment Fund v. Hamilton,* 256 Md. 56, 259 A.2d 303, 306 (1969).

 The Maine Tort Claims Act and the Maine Health Security Act were enacted in 1977 by the same One Hundred and Eighth Legislature. Both acts required the giving of notice of claim respecting the nature, extent and circumstances of the injuries involved. Both pieces of legislation were adopted in an effort to promote the settlement of disputes and ameliorate the then current proliferation of litigation in their respective fields of operation. In the case of the Tort Act, section 8107 of title 14 M.R.S.A. provides that the claimant or his personal representative *shall file* the notice within 180 days after the cause of action against the governmental entity or its employee accrues, while, in the case of the Health Security Act, section 2903 of title 24 M.R.S.A. mandates that no action for death or for injuries to the person arising from any medical malpractice *shall be commenced* until at least 90 days after the notice of claim is served upon the person or persons accused of wrongdoing. The Tort Act specifically provides for the giving of the notice of claim beyond the 180-day period upon the showing of good cause, provided it is at a time "within the limits of section 8110," *i.e.* within the two-year statute of limitations.[6] Although it does not expressly provide that the mandated presuit notice of claim required by section 2903 be served within the limits of the statute of limitations affecting malpractice actions, *i.e.* within two years after the cause of action accrues, whether under 24 M.R.S.A. § 2902 or 14 M.R.S.A. § 753, the Health Security Act does provide expressly for extension of the two-year period of limitations by inserting in the notice-of-claim-before-suit section that "any applicable statute of limitations shall be tolled for a period of 90 days from service of notice." This manifests a clear legislative intent that some notice of claim, be it sufficient or deficient, be served, as mandated by section 2903, within the period of limitations set by the statute as extended by reason of the ninety-day tolling provision of said section. Both the Maine Tort Claims Act and the Maine Health Security Act were intended to regulate litigation in connection with the rights of individuals to sue for injuries to the person or property. For one thing, liability insurance for coverage of exposure in the case of governmental tort liability or in the area of malpractice actions was becoming increasingly difficult to obtain, and, if obtainable, was unduly costly. Both pieces of legislation had a common goal, the settling of litigation by providing mandatory time periods for the giving of particularized claim notices. Although they may refer to different particular types of litigation, these two acts, enacted to correct a single and similar problem with the same common purpose to be achieved, must be viewed in

**6.** 14 M.R.S.A. § 8110. Limitation of actions

Every claim against a governmental entity or its employees permitted under this chapter

shall be forever barred from the courts of this State, unless an action therein is begun within 2 years after the cause of action accrues.

their overall entirety as comprehensive legislation, and one act may throw light upon the other in the interpretation of the other act in search of legislative intent. The whole body of contemporaneous legislation upon a particular topic should be considered in interpreting separate statutes thereunder. *Finks v. Maine State Highway Commission,* 328 A.2d 791, 797 (Me.1974); *see Colonial Builders and Investors, Inc. v. Meier,* 417 A.2d 422, 424 (Me.1980). We hold that the notice-of-claim-before-suit provisions of section 2903 of title 24 must be served within the two-year period of limitations of the applicable statute. Failure to do so, as in the instant case, properly subjected the malpractice suit to dismissal.

 This result is not inconsistent with our holdings in *Dougherty v. Oliviero, supra,* or *Michaud v. Northern Maine Medical Center, supra;* in both cases, the notice of claim was in fact given within the two-year statutory period of limitations. The overall intent of the instant comprehensive legislation, whether in the field of medical malpractice or governmental tort responsibility, is that eventual litigation be commenced not later than two years after the cause of action accrues. This statutory policy is concededly mandatory, notwithstanding that parties in interest may waive its requirements. It is obvious that, if the notice-of-claim provisions of the statute could be *completely* ignored during the two year period of limitations in which one must bring suit, and that with practical immunity except delay of hearing, the very essence of the object sought to be accomplished by the Legislature, *i.e.* the prospective lessening of litigation and the settlement of meritorious claims would, indeed, be frustrated. The notice-of-claim statute would practically be a nullity. The use of the imperative "shall" by the lawmakers would indicate that, for those stated considerations, the notice-of-claim statute must be construed to be mandatory to that extent. So far as the other

statutory requirements respecting the details of the notice of claim, its verification and service, which are not of the very essence of giving notice of intended legal action and which, if not in strict compliance with the statute, would not prejudice the rights of interested parties, they are to be regarded as directory, notwithstanding the fact that the statutes are couched solely in terms of the mandatory "shall." *See In re Opinion of the Justices,* 124 Me. 453, 126 A. 354 (1924); *Collins v. State,* 161 Me. 445, 213 A.2d 835 (1965). A statute may be mandatory in some respects and directory in others. *See Carrier v. Comstock,* 108 Ark. 515, 159 S.W. 1097 (1913); *Hocking Power Co. v. Harrison,* 20 Ohio App. 135, 153 N.E. 155 (1925); *Deibert v. Rhodes,* 291 Pa. 550, 140 A. 515 (1928).

### 2
### *Dr. Mehrhof's motion to dismiss*

Filed with the court on May 28, 1980, and thus commenced, pursuant to 14 M.R.S.A. § 553, within the two-year period prescribed by either applicable statute of limitations, the plaintiff's malpractice action was served on Dr. Mehrhof on June 27, 1980. In contrast with the facts in the case against Dr. Merrill, the Mehrhof motion to dismiss the plaintiff's complaint, in lieu of answer, was not made within 20 days after service of the summons and complaint upon Dr. Mehrhof as provided by Rule 12(a), M.R. Civ.P.[7] The record discloses that the motion to dismiss was filed with the court on August 22, 1980, together with a motion "for enlargement of time for filing answer or other responsive pleading," accompanied by affidavit in support of both motions. On September 2, 1980, a justice of the Superior Court granted the motion to dismiss for failure to comply with section 2903 of title 24, M.R.S.A., but the record shows no disposition of the defendant's motion for enlargement of time to file answer. At the time of his decision on the motion to dis-

---

7. Rule 12(a) in relevant part mandates that [a] defendant shall serve his answer [or his defense by motion pursuant to Rule 12(b)] within 20 days after the service of the summons and complaint upon him, . . . .

miss, the presiding justice did not have the benefit of our decisions in *Dougherty v. Oliviero,* decided April 2, 1981, or *Jagoe v. Blocksom,* decided in 1982, which held that failure to comply with section 2903 of title 24 is an affirmative defense which is waived if not raised properly by the defendant in his pleadings; *Michaud v. Northern Maine Medical Center* also was not available to point out the proper analysis of relevant equities to be used in determining the appropriate sanction for noncompliance with section 2903. Without articulation of the basic reason for the dismissal on account of noncompliance with the pre-suit notice-of-claim statutory requirement, it would seem that the justice below ruled as he did on the ground that compliance with section 2903 was a jurisdictional matter which could be entertained at any stage of the proceedings. That would explain his nondisposition of the defendant's motion to enlarge the time to file a late answer, but it would constitute error in the automatic grant of the motion to dismiss.

■ The defense of noncompliance with the pre-action-notice-of-claim requirement of section 2903 of title 24 must be asserted affirmatively in a timely responsive pleading pursuant to Rule 8(c), M.R.Civ.P. Here, the motion to dismiss did purport to raise that particular issue, but it was filed much later than within the 20 days after the service of the summons and complaint as required by the rules. True, no entry of default had been made in the case for the defendant's failure to plead or otherwise defend within the time strictures of the rules. But, the defendant had properly filed with his belated motion to dismiss a contemporaneous motion pursuant to Rule 6(b) for enlargement of time to file his answer or responsive pleading on the ground that his failure to file timely was the result of excusable neglect.[8]

Without an enlargement of time for filing his belated motion to dismiss properly based on excusable neglect, the defendant Mehrhof would lose his right to assert his potential defense to the plaintiff's cause of action, as his affirmative defense of plaintiff's noncompliance with the pre-action notice-of-claim requirement of section 2903 would be considered waived where it is not timely raised by the pleadings. *See Reed v. Tracy,* 435 A.2d 745, 746 (Me.1981).

■ In his affidavit in support of his motion for enlargement of time for filing answer or other responsive pleading, Dr. Mehrhof alleged under oath among other things, that immediately following the service of the plaintiff's summons and complaint upon him he had contacted the Superintendent of the Augusta Mental Health Institute who had informed him that the Attorney General's Office was handling the case for all of the defendants; that the first time he knew that the Attorney General's Office was not handling this matter in his behalf was on August 18, 1980 through a telephone call from Attorney Roger A. Welch; he further stated in his affidavit:

> I have a good defense to this action in that to my knowledge and belief I did not treat Patricia Carlson and did not have any thing to do with her; also, I did not receive a written notice under oath prior to the start of this action.

Though Rule 6(b) providing for enlargement of time should be liberally interpreted in order to work substantial justice in implementing the mandate of Rule 1 to the effect that the rules shall be construed to secure the just, speedy, and inexpensive determination of every action, nevertheless, the concept of "excusable neglect" upon which the rule anchors remedial relief from the time strictures must needs retain a strict standard in its application. *See Reynolds v. Hooper,* 407 A.2d 312 (Me.1979). A party moving for such relief as enlarge-

---

**8.** Rule 6(b), M.R.Civ.P. *Enlargement.* When by these rules ...... an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion

\* \* \* \* \* \*

(2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect, ....

ment of time based on excusable neglect has the burden of establishing that it has a meritorious defense to the action and that there was such reasonable explanation or excuse for the failure to act within the required time as warrants the relief contemplated by the rule. In the instant record, it does not appear that the issue of "excusable neglect" was at all considered by the Superior Court justice and on the face of the record before us, we cannot say as a matter of law that the defendant Mehrhof has satisfied the requirements of the rule.

■ True, the defendant Mehrhof has not cross-appealed for failure of the justice below to find him in an excusable-neglect situation in support of his motion for extension of time permitting him to file his belated motion to dismiss. An appellee need not cross-appeal to raise an issue that merely could provide an alternative ground to uphold his judgment. *Hartford Fire Insurance Co. v. Merrimack Mutual Fire Insurance Co.,* 457 A.2d 410 (Me.1983). The issue of waiver or excusable neglect, although raised below, was left unresolved.

■ The Superior Court's judgment granting Dr. Mehrhof's motion to dismiss the plaintiff's complaint for failure of the plaintiff to serve the pre-action notice of claim required by section 2903 of title 24 must be vacated as premature and the case remanded for further proceedings in relation to the defendant's undisposed motion for enlargement of time in support of his motion to dismiss.

The entry will be:

In the case of the defendant Merrill, the plaintiff's appeal is denied and the judgment below is affirmed.

In the case of the defendant Mehrhof, the judgment of dismissal of the plaintiff's complaint is vacated and the case is remanded for further proceedings consistent with the opinion herein.

McKUSICK, C.J., and NICHOLS, J. concurring.

VIOLETTE and WATHEN, JJ., concurring.

We concur in the result reached by the Court but we are unable to agree with the rationale which has been adopted. We adhere to the position previously stated in dissent in *Michaud v. Northern Maine Medical Center,* 436 A.2d 398, 403 (Me.1981). In our view, 24 M.R.S.A. § 2903 requires the dismissal of any action filed in violation of its terms. We would not recognize a distinction between a case involving an invalid but otherwise timely notice and the present case in which no notice was ever served within the period of the statute of limitations.

ROBERTS, J., with whom CARTER, J., joins, dissenting.

I respectfully dissent. I cannot agree with the Court's interpretation of our prior decisions. Nor can I agree with the Court's view that the Legislature intended to merge the notice requirement of the Maine Health Security Act, 24 M.R.S.A. § 2903 (Supp.1982–1983), into any applicable statutes of limitations. *See* 459 A.2d at 551.

The Court suggests that because of the reference to tolling the limitations statute, section 2903 mandates the giving of notice *within* the two-year period of limitations. Id. We stated in *Michaud v. Northern Maine Medical Center,* 436 A.2d 398, 401–02 (Me.1981), however, that so long as the action was commenced under M.R. Civ.P. 3 within two years, the question merely becomes "what is the appropriate sanction for . . . failing to meet the specific notice requirements of section 2903."

I am also unpersuaded by the concurring opinion which would insist upon dismissal of any action filed in violation of section 2903, without considering whether such a dismissal furthers the purpose of the statute. The purpose of the section 2903 notice requirement is unlike that of the section 2902 period of limitations. *See Dougherty v. Oliviero,* 427 A.2d 487, 489–90 (Me.1981). *Contra Michaud,* 436 A.2d at 403 (Wathen, J., dissenting). Moreover, the statute itself

does not expressly require dismissal as a sanction for its violation. *Dougherty,* 427 A.2d at 490. In fact, in similar contexts, we have deemed dismissal inappropriate where that sanction does not serve the legitimate purpose behind a technical procedural requirement. *See, e.g., Dunton v. Eastern Fine Paper Co.,* 423 A.2d 512, 518 (Me.1980) (workers' compensation notice requirement); *Martel v. Inhabitants of the Town of Old Orchard Beach,* 404 A.2d 994 (Me. 1979) (dismissal vacated despite clear statutory language authorizing dismissal for improper venue); *see also Erickson v. State,* 444 A.2d 345, 351 (Me.1982) (Roberts, J., dissenting) (notice provision of the Maine Tort Claims Act, 14 M.R.S.A. § 8107).

In *Dougherty,* we held that "failure to comply with section 2903 is an affirmative defense...." 427 A.2d at 489. Consequently, we said that the notice requirement "has no relationship to the court's jurisdiction or to the merits of the plaintiffs' cause of action...." *Id.* Finally, we instructed that the Superior Court should determine the proper sanction for noncompliance with section 2903 when proven by a defendant. *Id.* Following our reasoning in *Dougherty,* in order to justify the dismissal of a complaint (especially after expiration of the statute of limitations), I would require that the defense establish prejudice which no other sanction could cure.