**Robert J. TAYLOR**

v.

**TOWN OF ORONO.**

Supreme Judicial Court of Maine.

Argued Oct. 31, 1990.

Decided Jan. 25, 1991.

Joseph Ferris (orally), Ferris, Dearborn & Willey, Brewer, for plaintiff.

Thomas A. Russell, Timothy Woodcock (orally), Mitchell & Stearns, Bangor, for defendant.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

ROBERTS, Justice.

Robert J. Taylor appeals from a summary judgment entered in the Superior Court (Penobscot County, *Browne, A.R.J.*) on his claim against the Town of Orono. We disagree with the court's holding that Taylor's notice to the town did not substantially comply with the requirements of 14 M.R. S.A. § 8107 (1990). We are evenly divided, however, on the question whether the record otherwise supports the judgment. Accordingly, we affirm.

Taylor contends that the notice given by his attorney "substantially complied with the notice requirement of section 8107 of the MTCA." The town, relying on *Givertz v. Maine Medical Center,* 459 A.2d 548 (Me.1983), counters that Taylor's failure to personally sign his complaint rendered that complaint insufficient under section 8107.

This latter argument was expressly accepted by the court when it granted a summary judgment.

Section 8107, which defines notice to a governmental entity, does not state that notice must be signed by the claimant or his personal representative. In relevant part, section 8107 states:

**1. Notice requirements for filing.** Within 180 days after a cause of action against a governmental entity accrues ... a claimant or his personal representative shall file a written notice containing:

**A.** The name and address of the claimant, and the name and address of his attorney or other representative, if any;

**B.** A concise statement of the basis of the claim, including the date, time, place and circumstances of the act, omission or occurrence complained of;

**C.** The name and address of any governmental employee if known;

**D.** A concise statement of the nature and extent of the injury claimed to have been suffered; and

**E.** A statement of the amount of monetary damages claimed.

**2. Incapacity.** If the claimant is incapacitated and thereby prevented from presenting and filing the claim within the time prescribed or if the claimant is a minor, the claim may be presented and filed on behalf of the claimant by any relative, attorney or agent representing the claimant.

This language does not contain an express requirement that the notice contain the signature of the claimant. The town contends, however, that our decision in *Givertz* interpreted this language as requiring the signature of the claimant personally on the Notice of Claim. Although a plurality in *Givertz* opined that "[i]t is obvious that use of the word 'claimant' in the statute refers to the injured person if alive," that comment is dicta. *Id.* at 553. Taylor rightly points out that *Givertz* was a medical malpractice case where the court expressly stated that the plaintiff did "not bring the case within the scope of 14 M.R.S.A. § 8107." *Id.* at 552. Moreover, *Givertz* did not address the question of substantial

compliance because the medical malpractice notice requirements, unlike section 8107, contain no such provision.

Our previous decisions and the language of section 8107 support a finding of substantial compliance in this case. Section 8107(4) states that "[a] claim filed under this section shall not be held invalid or insufficient by reason of an inaccuracy in stating the time, place, nature or cause of the claim, or otherwise, unless it is shown that the governmental entity was in fact prejudiced thereby." In the past, we have interpreted 8107(4) as requiring consideration of a claim that "although timely filed or excused from timely filing because of good cause, is defective in some other respect such as the failure to satisfy the form requirements of section 8107(1)(A–E)." *Erickson v. State*, 444 A.2d 345, 350 (Me.1982); see also, *Hall v. Town of Kittery*, 556 A.2d 662, 663 (Me.1989); *Robinson v. Washington County*, 529 A.2d 1357, 1360 (Me.1987).

Taylor filed his claim in a timely manner, presented it to the proper government official, stated a claim for damages and stated both the name of the claimant and the name of his attorney. On these facts the town was put on notice of the substance of Taylor's complaint. Taylor's failure personally to sign his claim would, at most, constitute a "failure to satisfy the form requirements of section 8107(1)(A–E)," *Erickson*, 444 A.2d at 350, and as such would fall into the category of cases that the Legislature intended to exempt from technical traps by creating the "substantial compliance" exception.

Because the court erred in concluding that Taylor's notice was insufficient, we reach the court's alternative ground of decision. On that ground, however, we are evenly divided. Accordingly, we affirm the judgment without further discussion.

The entry is:

Judgment affirmed.

All concurring.