2002 ME 131

**Lonnie GARLAND**

v.

**Joshua SHERWIN**

Supreme Judicial Court of Maine.

Argued: May 9, 2002.
Decided: Aug. 8, 2002.

John H. O'Neil, (orally), Robert H. Furbish, Smith, Elliott, Smith & Garmey, P.A., Portland, for the plaintffs.

Paul F. Macri, (orally), Berman & Simmons, P.A., Lewiston, for the defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CALKINS, J.

[¶ 1] Lonnie Garland appeals from a summary judgment entered in Superior Court (Penobscot County, *Mead, J.*) in favor of Dr. Joshua Sherwin. Because we agree with the court that Garland's medical malpractice action is barred by the statute of limitations, we affirm the judgment.

[¶ 2] On June 18, 1996, an x-ray was performed on Garland at Eastern Maine Medical Center and read by Sherwin. On September 25, 1996, an MRI was performed on Garland at Magnetic Resonance Imaging Associates and read by Dr. Mary Warner. Sherwin and Warner failed to diagnose a cancerous tumor that was discovered in 1997.

[¶ 3] Garland filed the complaint in this medical malpractice action against Sherwin on April 11, 2001. Pursuant to the requirements of the statutory scheme for mandatory prelitigation screening of medical malpractice actions, 24 M.R.S.A. §§ 2851–2859 (2000), Garland had filed a notice of claim against Warner and MRI Associates on August 28, 1998. *Id.* §§ 2853, 2903. He filed an amended notice of claim on March 29, 1999, that listed claims against Sherwin and EMMC. The

malpractice screening panel filed its findings on December 4, 2000.

[¶ 4] Upon the filing of Garland's complaint, Sherwin moved for summary judgment on the ground that the action was not brought within the applicable period of limitations. There is no dispute that as to Sherwin the three-year statute of limitations for medical malpractice, *id.* § 2902, began running when Sherwin read Garland's x-ray on June 18, 1996. Pursuant to 24 M.R.S.A. § 2859,[1] the period of limitations is tolled from the date of the filing of a notice of claim until thirty days after a claimant receives notice of the prelitigation screening panel's findings. Thus, as to Garland's claim against Sherwin, the period of tolling ended on January 5, 2001, which was thirty days after Garland received notice of the screening panel's findings. The statute of limitations began running again on that date, and ninety-six days elapsed before his complaint against Sherwin was filed on April 11.

■ [¶ 5] The issue on appeal is which notice of claim began the tolling. If it was the amended notice dated March 29, 1999, the first to mention Sherwin, then the complaint was fifteen days late because only eighty-one days remained in the limitations period after January 5. However, if it was the original notice of August 28, 1998, the complaint was timely because 294 days remained in the limitations period.

[¶ 6] Garland argues that his original notice of claim filed on August 28, 1998, although it was not served on Sherwin and did not mention him or allege any negligence connected to the June 18 x-ray, is the operative notice for purposes of the

---

1. Title 24 M.R.S.A. § 2859 (2000) provides: "The applicable statute of limitations concerning actions for professional negligence is tolled from the date upon which notice of claim is served or filed in Superior Court until 30 days following the day upon which the claimant receives notice of the findings of the panel."

statute of limitations. He first contends that section 2859 dictates that the filing of any notice of claim tolls the statute of limitations as to all potential defendants. The statutory scheme provides no support for this contention. On the contrary, "[t]he claimant must serve the notice of claim on the person accused of professional negligence." 24 M.R.S.A. § 2853(1)(B). The original notice of claim was addressed to Warner and MRI Associates and was never served on Sherwin. It could not qualify as the notice of claim that tolled the statute of limitations with respect to Sherwin pursuant to section 2859.[2]

[¶ 7] Garland also contends that 24 M.R.S.A. § 2853(6), which requires the prelitigation screening panel to hold a combined hearing for all claims arising out of the same facts, compels the first notice of claim to be the operative notice for tolling purposes. The procedural requirement of a combined prelitigation hearing, however, has no bearing on the tolling of the statute of limitations.

[¶ 8] Finally, Garland argues that the amended notice of claim against Sherwin related back to the date of filing of the original notice of claim, and he analogizes to M.R. Civ P. 15(c),[3] although he acknowledges that Rule 15 does not apply because a notice of claim is not a pleading. M.R. Civ. P. 7(a); *Lee v. Maier*, 1999 ME 62, ¶¶ 14–15, 728 A.2d 154, 157–58. Even if Rule 15(c) applied, Garland has not met the requirements of that rule. The claim against Sherwin, which arose out of reading the x-ray in June, did not arise out the same conduct, transaction, or occurrence as the claim against Warner and MRI Associates in September, and, thus, Rule 15(c)(2) is not met. In situations such as this one where a new party is added by the amended pleading, Rule 15(c)(3) requires that the new party have received notice of the institution of the action within the time period for service of the summons and complaint. There is no evidence that within the ninety days for service set forth in 24 M.R.S.A. § 2853(1)(B), after the original notice was filed, Sherwin had any notice that the original claim had been brought, or knew or should have known that the claim would have been brought against him but for a mistake concerning his identity. In fact, there is no evidence that there was such a mistake. A conscious choice to sue one party rather than

---

2. Two cases decided under the former version of the Health Security Act reinforce this interpretation. In *Givertz v. Maine Medical Center*, 459 A.2d 548, 552 (Me.1983), we held that a defective notice of claim given under the Maine Tort Claims Act to a state hospital was not an effective substitute for the medical malpractice notice of claim to an individual doctor; because the Health Security Act required notice to the doctor personally, the filing of a notice against another prospective defendant could not toll the statute of limitations. In *Paradis v. Webber Hospital*, 409 A.2d 672, 676 (Me.1979), we held that a notice of claim that did not comply with the requirements of the statute, because it was not under oath, did not toll the statute of limitations.

3. M.R. Civ. P. 15(c) states in pertinent part:

An amendment of a pleading relates back to the date of the original pleading when

    . . . .

(2) the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party . . . against whom a claim is asserted if the condition of paragraph (2) of this subdivision is satisfied and, within the period . . . for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

another, or a lack of knowledge of who is the correct defendant, is not a "mistake concerning the identity of the proper party." *See* 3 MOORE'S FEDERAL PRACTICE § 15.19[3][d] (3d ed.2001).

[¶ 9] The statute of limitations on Garland's claim against Sherwin was not tolled until Garland filed his notice of claim against Sherwin, and his claim is barred. Garland's other arguments on appeal do not merit discussion.

The entry is:

Judgment affirmed.