STATE OF MAINE                                    SUPERIOR COURT
                                                    CIVIL ACTION
YORK, ss.                                    DOCKET NO. CV-10-035

RICHARD GOULET and
PATRICIA GOULET,

                    Plaintiffs


        v.                                          ORDER


JOSEPH MARTINEZ, M.D.,

                    Defendant


        Defendant Joseph Martinez, M.D., asserts that plaintiffs Richard and Patricia

Goulet failed to commence this professional negligence action within the applicable

statute of limitations and moves for dismissal. Following hearing, the Motion is

Denied.

                                **BACKGROUND**

        Dr. Martinez was working as the on-call physician at the clinic in South Berwick,

Maine, on February 3, 2007. Mr. Goulet called the clinic and related to Dr. Martinez that

his leg had begun to hurt while Mr. Goulet was putting a snowplow on his truck. Mr.

Goulet went to the clinic two days later, February 5, 2007, and was seen by Dr.

Martinez. The doctor found no major findings on examination and suggested that Mr.

Goulet had probably pulled a muscle. In fact, Mr. Goulet had suffered from an arterial

clot behind the knee that ultimately led to a heart attack, cardiac catheterization, and a

three-vessel bypass procedure.

        The Goulets filed their initial notice of claim pursuant to 24 M.R.S.A. §2853 on

January 29, 2010. This notice of claim named Dr. Martinez, York Hospital, Robert

Hawkins, M.D., Maine Surgical Care Group, and Maine Medical Center as respondents. An amended notice of claim was filed on April 2, 2010. The amended notice only names Dr. Martinez and York Hospital. The return of service was filed for Dr. Martinez on April 15, 2010.

## DISCUSSION

An action for professional negligence must be commenced within three years of the accrual of the cause of action. 24 M.R.S.A. §2902 (2010). A cause of action for professional negligence "accrues on the date of the act or omission giving rise to the injury." *Id.* The action is commenced either by serving a written notice of claim on the person accused, or by filing the written notice of claim. 24 M.R.S.A. §2853(1). If service is accomplished first, the notice must be filed within twenty days; if the notice is filed first, it must be served within ninety days of filing. *Id.* Service must be accomplished in accordance with Maine Rule of Civil Procedure 4. *Id.* Of particular relevance to this case, the statute of limitations "is tolled from the date upon which notice of claim is served *or* filed in Superior Court . . . ." 24 M.R.S.A. §2859 (emphasis added).

Dr. Martinez contends that the Goulets' initial notice of claim, which does name him as a respondent, could not toll the limitations period because it was never served on him. If this is true, the statue of limitations on the Goulets' claims ran on February 5, 2010, almost two months before they filed the amended notice of claim that was ultimately served on the doctor. Dr. Martinez cites *Garland v. Sherwin* to support his interpretation of the statutes. 2002 ME 131, 804 A.2d 354.

In *Garland*, as in this case, the plaintiff had medical malpractice claims against multiple doctors. 2002 ME 131, ¶ 3, 802 A.2d at 355. Unlike this case, the *Garland* plaintiff's initial notice of claim, filed on August 28, 1998, only named two of the four possible respondents. *Id.* An amended notice of claim naming all four respondents was

2

filed on March 29, 1999. *Id.* The Law Court did not note the dates on which the notices were served.

The question on appeal was which notice of claim tolled the limitations period on the claims against Dr. Sherwin, one of the respondents who was not named in the initial notice. *Id.* ¶ 5, 802 A.2d at 355. If the initial notice had not tolled the limitations period, then the claims were time barred. *Id.* The Law Court found that the original notice of claim "could not qualify as the notice of claim that tolled the statute of limitations with respect to Sherwin" because it was not addressed to him and was never served on him. *Id.* ¶ 6, 804 A.2d at 356. The Court cited a case decided under a prior version of Maine's Health Security Act for the proposition that "the filing of a notice against [one] prospective defendant could not toll the statute of limitations" pertaining to another. *Id.* ¶ 6, n. 2, 804 A.2d at 356 n.2 (citing *Givertz v. Me. Med. Ctr.*, 459 A.2d 548, 552, (Me. 1983)).

Dr. Martinez seizes on the Court's statement that the statutory scheme requires the claimant to "serve the notice of claim on the person accused of professional negligence," *id.* ¶ 6, 804 A.2d at 356 (quoting 24 M.R.S. § 2853(1)(B)) (quotations omitted), to argue that a notice of claim cannot toll the statute of limitations unless and until it is served on the accused in its unamended form. Applying this interpretation of the law to the present case, the Goulets' initial notice of claim could not toll the statute of limitations against Dr. Martinez because that precise notice was never served. This is an overly broad interpretation of the Law Court's statement.

The Court made this statement to rebut the notion "that the filing of *any* notice of claim tolls the statute of limitations to all potential defendants." *Id.* (emphasis added). The Court finished, however, by stating that "[t]he statute of limitations on [the plaintiff's] claim against Sherwin was not tolled until Garland filed his notice of claim

3

against Sherwin," and his claim was thus barred. *Id.* ¶ 9, 804 A.2d at 356. In the circumstances of that case, the plaintiff's initial notice of claim was objectionable not because it was never served on Dr. Sherwin, but because it did not name Dr. Sherwin at all. Read in its entirety, *Garland* stands for two propositions. First, a notice of claim that does not name a potential defendant cannot toll the statute of limitations with regard to that potential defendant. Second, a notice of claim against a named potential defendant tolls the statute of limitations with regard to that potential defendant from the date the notice is filed with the Superior Court.

Turning to the case at hand, the Goulets filed a notice of claim against Dr. Martinez on January 29, 2010, seven days before the statute of limitations was set to expire. Filing this notice of claim tolled the statute of limitations applicable to their claims against Dr. Martinez. 24 M.R.S.A. §2859. An amended notice of claim, still naming Dr. Martinez, was filed on April 2, 2010. Finally, the amended notice was served on Dr. Martinez and the return of service was filed on April 7, 2010, well within the ninety-day period for service following the initial filing.

Dr. Martinez would have the court dismiss the action against him because the notice that was actually served on him was not "the" notice filed before the limitations period was set to expire. The court rejects this interpretation in favor of one of these two alternatives. First, following *Garland*, it is enough that a notice of claim was filed against Dr. Martinez before the limitations period ran, and a substantially similar notice was served on him within the ninety-day period allowed for service under 24 M.R.S.A. §2853(1)(B). Alternately, the filing of the initial notice of claim presumably tolled the statute of limitations during the ninety-day service period. The limitations period had thus not expired when the second notice of claim was filed and served, saving the Goulets' claims.

4

## CONCLUSION

Dr. Martinez's motion for dismissal is Denied.


Dated:        February 14, 2011

G. Arthur Brennan
Justice, Superior Court


ATTORNEYS FOR PLAINTIFF:
ELLIOTT EPSTEIN, ESQ.
OWEN B PICKUS, ESQ.
PICKUS & EPSTEIN
980 FOREST AVENUE SUITE 207
PORTLAND ME   04103

MARK L RANDALL, ESQ.
RANDALL LAW OFFICE, PA
PO BOX 17915
PORTLAND ME   04112

ATTORNEYS FOR JOSEPH MARTINEZ, MD
PHILIP M COFFIN, III, ESQ.
JEFFREY D RUSSELL, ESQ.
LAMBERT COFFIN
PO BOX 15215
PORTLAND ME   04101-5215