MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:     2013 ME 104
Docket:       Pen-12-322
Argued:       May 14, 2013
Decided:      December 3, 2013

Panel:        SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and JABAR, JJ.
Majority:     SAUFLEY, C.J., and LEVY, SILVER, and JABAR, JJ.
Dissent:      ALEXANDER, and MEAD, JJ.

## PERRI FRAME

v.

## MILLINOCKET REGIONAL HOSPITAL et al.

LEVY, J.

[¶1]  Perri Frame appeals from a judgment entered in the Superior Court (Penobscot County, *Anderson J.*) dismissing her unsworn notice of claim, filed pursuant to the Maine Health Security Act (MHSA or Act), 24 M.R.S. § 2903(1)(A) (2012), on the ground that the defective notice failed to toll the applicable statute of limitations.  We clarify the effect of a change in the MHSA and conclude that Frame should be permitted to amend her notice of claim pursuant to M.R. Civ. P. 15 and to have the amendment relate back to the original filing date.  Accordingly, we vacate the judgment and remand for further proceedings.

2

## I. BACKGROUND

[¶2] On July 27, 2011, Frame filed an unsworn notice of claim with the Superior Court alleging that Millinocket Regional Hospital; Daniel C. Herbert, M.D.; William R. Jenkins, M.D.; Kevin R. Olsen, P.A.C.; Kwaku Owusu, M.D.; Douglas A. Rhoda, P.A.C. (collectively, the Hospital); and Joseph A. Sardina, M.D., were negligent in providing her medical care from July 27, 2008, through August 3, 2008. As required by statute, the Chief Justice of the Superior Court assigned a prelitigation panel chair. *See* 24 M.R.S. § 2852(2) (2012). On August 3, 2011, the statute of limitations on Frame's claim expired. *See* 24 M.R.S. § 2902 (2012) (providing three-year limitations period for actions on professional negligence). Between September 23, 2011, and October 3, 2011, Frame served her unsworn notice of claim to each of the appellees.

[¶3] In October 2011, the Hospital filed its motion to dismiss the notice of claim, arguing that Frame's unsworn notice did not toll the statute of limitations. The panel chair denied the motion and granted Frame ten days to file a sworn notice of claim that would relate back to the date of her original notice. The Hospital sought reconsideration, asserting that the panel lacked jurisdiction to grant permission to amend. The panel chair vacated her earlier order and referred the case to the Chief Justice of the Superior Court, who specially assigned the case to a justice of the Superior Court. *See* 24 M.R.S. § 2853(5) (2012) ("The [prelitigation

screening] panel has no jurisdiction to hear or decide, absent the agreement of the parties, dispositive legal affirmative defenses . . . ."); *Gafner v. Down E. Cmty. Hosp.*, 1999 ME 130, ¶ 29, 735 A.2d 969 ("Matters appropriately referred to the Superior Court pursuant to section 2853(5) may include statute of limitation defenses . . . ."). Frame filed a sworn notice of claim on November 14, 2011.

[¶4]  The Superior Court granted the Hospital's motion to dismiss, relying on our decision in *Paradis v. Webber Hospital*, in which we held that a claimant's written notice of claim filed under the MHSA did not toll the statute of limitations because it was not filed under oath.  409 A.2d 672, 675 (Me. 1979).  The court found that there was no substantial difference between the language of the tolling provision interpreted in *Paradis*, 24 M.R.S.A. § 2903 (Supp. 1977), *repealed and replaced by* P.L. 1985, ch. 804, § 14 (effective Jan. 1, 1987), and the current tolling provision applicable to Frame's petition, 24 M.R.S. § 2859 (2012), and that the legislative history associated with the revision of the provision did not reflect a legislative intent to overrule *Paradis*.  In addition, the court denied Frame's request to amend her notice of claim to include an oath and have the amendment relate back to the filing of the original notice pursuant to M.R. Civ. P. 15, stating, however, that it was "not unsympathetic" to Frame's position.  The court, citing *Garland v. Sherwin*, 2002 ME 131, ¶ 8, 804 A.2d 354, reasoned that a notice of

4

claim under the MHSA "is not a 'pleading' subject to amendment under Rule 15." Frame filed a motion to reconsider that was denied, and this appeal followed.[1]

## II.  DISCUSSION

[¶5]  We review de novo questions of statutory interpretation, *Goudreau v. Pine Springs Rd. & Water, LLC*, 2012 ME 70, ¶ 11, 44 A.3d 315, and whether a claim is barred by the statute of limitations, *Francis v. Stinson*, 2000 ME 173, ¶ 56, 760 A.2d 209.  When interpreting a statute, we seek "to give effect to the Legislature's intent" by looking at the statute's plain meaning, construing the language "to avoid absurd, illogical, or inconsistent results."  *Savage v. Me. Pretrial Servs.*, 2013 ME 9, ¶ 7, 58 A.3d 1138 (quotation marks omitted).  We address Frame's arguments that (A) her unsworn notice of claim was sufficient to toll the statute of limitations because the tolling provision of the Act, 24 M.R.S. § 2859, has no oath requirement; and (B) she should have been allowed to amend her notice of claim pursuant to M.R. Civ. P. 15 and have the amendment relate back to the filing date of the original notice of claim.

A.     The Tolling Provision of the Maine Health Security Act

[¶6]  To evaluate Frame's first contention—that her unsworn notice of claim tolled the statute of limitations—we examine the relevant portions of the MHSA in

---

[1]  Frame's motion to reconsider was stayed pending removal of her claim against Dr. Sardina to federal court.  Frame later dismissed Dr. Sardina from the litigation and the federal court remanded the case back to the Superior Court.

effect at the time of our decision in *Paradis*, and the corresponding provisions of the current MHSA enacted in 1986 that govern Frame's claim.

[¶7]   The Legislature adopted the MHSA in 1977 to codify the recommendations by the Commission to Revise Laws Relating to Medical and Hospital Malpractice Insurance, known as the Pomeroy Commission.  L.D. 727, Statement of Fact (108th Legis. 1977); *see also* L.D. 1825 (107th Legis. 1975) (establishing the Commission); *Paradis*, 409 A.2d at 674 (providing a brief history of the MHSA).  Soon after the MHSA's enactment, we considered in *Paradis* the issue of whether an unsworn notice of claim tolled the statute of limitations. 409 A.2d at 673-74.  At the time, the Act had one section that addressed the requirements for a written notice of claim and the tolling of the statute of limitations:

> No action for death or injuries to the person arising from any medical, surgical or dental treatment, omission or operation shall be commenced until at least 90 days after written notice of claim setting forth under oath the nature and circumstances of the injuries and damages alleged is served personally or by registered or certified mail upon the person or persons accused of wrongdoing.  Any applicable statute of limitations shall be tolled for a period of 90 days from service of notice.

24 M.R.S.A. § 2903 (Supp. 1977).  Pursuant to this provision, an action was commenced by the filing of a complaint in the Superior Court only after compliance with the sworn notice and ninety-day waiting period requirements.  In

6

*Paradis* we construed this provision and concluded that a claimant's unsworn written notice did not toll the limitation period. 409 A.2d at 675. We rejected Paradis's argument that the statute's purpose was merely to give notice of a pending claim and concluded instead that the oath requirement was "more than a mere technicality," observing that the oath's "function is both to make clear the significance of filing the document itself and to provide a basis for a perjury action upon proof of falsification." *Id.* at 674-75 (citations omitted) (quotation marks omitted).

[¶8]   In 1986, the Legislature revised the MHSA in various respects.[2] P.L. 1985, ch. 804 (effective July 16, 1986); L.D. 2400, Statement of Fact (112th Legis. 1986).  As revised, three separate sections address the requirements for a notice of claim and how the statute of limitations is tolled.  Section 2853 provides that an action for professional negligence is commenced by serving a notice of claim on the defendant and then filing it with the court within twenty days, or by initially filing "a written notice of claim, setting forth, under oath, the professional negligence alleged and the nature and circumstances of the injuries and damages alleged, with the Superior Court."  24 M.R.S. § 2853(1)(A), (B); *see also* M.R.

---

[2]   As a result of the amendments, claimants are now required to file their notice of claim with the court.  P.L. 1985, ch. 804, § 12 (effective Jan. 1, 1987) (codified at 24 M.R.S. § 2853 (2012)).  At the time *Paradis* was decided, however, section 2903 required that notice be "served personally or by registered or certified mail upon the person or persons accused of wrongdoing." *See* 24 M.R.S.A. § 2903 (Supp. 1977).  We do not find persuasive Frame's attempt to distinguish her action of filing her notice of claim with the court from the action of the claimant in *Paradis*.

Civ. P. 80M(b)(1) ("A medical malpractice screening panel proceeding shall be commenced by a notice of claim in the same manner as a civil complaint.").  A separate section, section 2859, provides that the statute of limitations "is tolled from the date upon which *notice of claim* is served or filed in Superior Court until 30 days following the day upon which the claimant receives notice of the findings of the [screening] panel."  24 M.R.S. § 2859 (emphasis added).

[¶9]  Frame contends that her unsworn notice of claim was sufficient to toll the statute of limitations because section 2859 makes no mention of the requirement that the notice of claim be under oath.  This, she asserts, distinguishes her case from *Paradis*.  We disagree.

[¶10]  A third section of the current Act, section 2903(1), requires claimants to have "served and filed written notice of claim in accordance with section 2853" as one of the steps required to commence an action.[3]  24 M.R.S. § 2903(1) (2012).  Viewing the three relevant sections—sections 2853(1), 2859, and 2903(1)— together and in context, it is plain that all three refer to the same notice of claim, and that the notice of claim must be under oath.  *See Liberty Ins. Underwriters,*

---

[3] Title 24 M.R.S. § 2903(1)(B) (2012) also requires claimants to comply with the provisions of subchapter IV-A, 24 M.R.S. §§ 2851-2859 (2012), setting out the requirements for establishing the mandatory prelitigation screening and mediation panels, including the requirements for notices of claim, *id*. § 2853, and the tolling statute, *id.* § 2859.  In addition, section 2903(1)(C) requires claimants to have determined, prior to commencing an action, that the required time periods provided in section 2859 have expired.  *See id.* § 2859 (providing that the statute of limitations will be tolled "from the date upon which notice of claim is served or filed . . . until 30 days following the day upon which the claimant receives notice of the findings of the panel.").

*Inc. v. Estate of Faulkner*, 2008 ME 149, ¶ 15, 957 A.2d 94 (noting that the whole statutory scheme is construed to achieve harmonious result). Accordingly, there is no substantive difference between the pre-1987 provisions of the MHSA considered in *Paradis* and the current statutory requirements that notices of claim be sworn to in order to toll the statute of limitations. As a matter of stare decisis, we are bound by our decision in *Paradis*. Here, as in *Paradis*, Frame's unsworn notice of claim failed to toll the statute of limitations.

B.    Amendment of and Relation Back of an Unsworn Notice of Claim

[¶11]  Frame separately contends that the court erred in not recognizing that it had the authority to permit her to amend the defective notice of claim by having it sworn to, and having the amendment relate back to the original filing date in accordance with M.R. Civ. P. 15.

[¶12]  The Maine Rules of Civil Procedure "govern the procedure . . . in the Superior Court . . . in all suits of a civil nature whether cognizable as cases at law or in equity." M.R. Civ. P. 1. Thus, the Rules of Civil Procedure applied to the court's consideration of the Hospital's motion to dismiss.

[¶13]  Rule 15(a) permits a party to amend its pleading "by leave of court." An amended pleading relates back to the date of the original pleading where the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." M.R.

Civ. P. 15(c);[4] *see also TD Banknorth, N.A. v. Hawkins*, 2010 ME 104, ¶ 18 n.5, 5 A.3d 1042 (noting that relation back is "a procedural mechanism to determine the date of the filing of the initial [pleading], usually employed when the [pleading] is amended after the expiration of the applicable statute of limitations"); *AFSCME Council 93 v. Me. Labor Relations Bd.*, 678 A.2d 591, 592 (Me. 1996) ("To rule that an amended [pleading] may not relate back to the filing date of the original [pleading], when the original [pleading] must be dismissed, defeats the very purpose of allowing amended [pleadings] pursuant to M.R. Civ. P. 15.").

[¶14] However, Rule 15(c) applies expressly to the amendment of "pleadings," and a notice of claim is not a pleading as that term is employed in Rule 15(c). *See* M.R. Civ. P. 7(a). Nonetheless, we have previously suggested that

---

[4] M.R. Civ. P. 15(c) provides:

**(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the condition of paragraph (2) of this subdivision is satisfied and, within the period provided by Rule 3 for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

courts may have the authority in certain circumstances to permit the relation back of amendments to motions. *See Lee v. Maier*, 1999 ME 62, ¶¶ 14-16, 728 A.2d 154. The question we must decide is whether, like pleadings and motions, a notice of claim may be subject to amendment that relates back to the date that the notice was originally filed. There are compelling reasons to answer this question in the affirmative.

[¶15] First, Rule 81(f) grants the court the discretion to apply the Civil Rules when appropriate under the circumstances to govern the management and processing of a case: "When no procedure is specifically prescribed, the court shall proceed in any lawful manner not inconsistent with the Constitution of the State of Maine, these rules or any applicable statutes." The Rules of Civil Procedure therefore allow the court the discretion to permit a plaintiff to amend a notice of claim and have the amendment relate back to the filing of the original notice in a manner consistent with Rule 15(c). *See* 24 M.R.S. § 2853(5); M.R. Civ. P. 1, 81(f).

[¶16] Second, we have previously recognized that the relation-back principle embodied in Rule 15(c) may be applied to permit the correction of a timely but defective filing. We recognized this very possibility in *Garland v. Sherwin*, the case cited by the trial court. In *Garland*, the claimant argued that application of Rule 15(c) allowed amending the original notice of claim filed

within the statute of limitations to include a second defendant. *See* 2002 ME 131, ¶¶ 5, 6, 8, 804 A.2d 354. Although we recognized that Rule 15(c) did not expressly apply to an amended notice of claim, we analyzed the amendment in accordance with the criteria set forth in Rule 15(c) and concluded that the amendment should not relate back pursuant to Rule 15(c)(2) because it did not arise out of the same conduct, transaction or occurrence that was the subject of the original notice.[5] *See id.* ¶ 8.

[¶17] Third, permitting the Superior Court to apply Rule 15(c) to Frame's defective notice is consistent with our prior treatment of the details of a notice of claim as directory and not mandatory if the failure to strictly comply with the notice requirements did not prejudice the opposing party. In *Givertz v. Maine Medical Center*, we stated:

> [T]he details of the notice of claim, its verification and service, which are not of the very essence of giving notice of intended legal action and which, if not in strict compliance with the statute, would not prejudice the rights of interested parties . . . are to be regarded as directory, [rather than] mandatory . . . .

459 A.2d 548, 554 (Me. 1983).

---

[5] Contrary to the Hospital's contentions, M.R. Civ. P. 5(f) does not require a different result. Rule 5(f) directs that a clerk "will not docket" and "shall" return "as incomplete" filings that are "not signed, or are not accompanied at the time of filing by a legally required element, including but not limited to" a required fee, envelope, summary sheet, or the filing attorney's Maine Bar Registration Number. As such, Rule 5(f) did not prohibit docketing of Frame's notice of claim, because her attorney signed it. Further, Rule 5(f) addresses signatures, filing fees, and other legal requirements related to the mechanics of docketing and filing. It does not require the clerk to reject a signed but unsworn notice of claim, nor does it preclude docketing of filings for every statutory defect that gives rise to a defense or affirmative defense. *Cf.* M.R. Civ. P. 12(b), (c).

[¶18] There is no reason to conclude that permitting Frame's amended, sworn notice of claim to relate back to the original filing would prejudice the Hospital. No new parties or claims were added with the amended sworn notice of claim. The parties have not yet presented their case to the screening panel or conducted any discovery. Frame promptly filed the amended sworn notice of claim, within four months of the original filing. Frame has not yet sought to file a complaint for professional negligence, and the now-sworn notice provides the Hospital with a basis for a perjury action against Frame.

[¶19] Further, permitting an amended notice of claim to cure the defect caused by the unsworn notice is consistent with the purposes of the MHSA. An amendment that cures a technical defect fulfills the statutory objectives of deciding claims on their merits and encouraging the early withdrawal of meritless claims. *See* 24 M.R.S. § 2851(1); *see also Dutil v. Burns*, 1997 ME 1, ¶ 5, 687 A.2d 639 (recognizing that dismissal of claim for a "failure to comply with the statutory prerequisites for maintaining an action for professional negligence . . . is akin to a dismissal for insufficient service of process or lack of subject matter jurisdiction, and does not serve as an adjudication of the merits."). Permitting Frame to assert her claim under oath will encourage truthfulness and, on the facts of this case, would not add substantial delay to a resolution of the claim on the merits.

[¶20]   Finally, the United States Supreme Court's decision in *Edelman v. Lynchburg College*, 535 U.S. 106 (2002), provides persuasive support for the proposition that Frame should have been permitted to amend her notice of claim under the circumstances of this case.  In *Edelman*, the Supreme Court upheld a regulation by the Equal Employment Opportunity Commission permitting an otherwise timely filer to verify a charge outside the statute of limitations and have it relate back to the filing date of the original, defective charge.  *See id.* at 108-09, 118.  The Supreme Court observed that "[w]here a statute . . . requires an oath, courts have shown a high degree of consistency in accepting later verification as reaching back to an earlier, unverified filing."  *Id.* at 116 (footnotes omitted).  The Court reasoned that it would be "passing strange" not to permit relation back just because the proceeding was not in federal court.  *Id.*  Further, where the verification provision served to limit meritless claims, permitting relation back to cure the defective charge would not significantly undermine this goal, provided that the amended filing occurred before the defendant had to respond to the merits of the charge.  *See id.* at 115-16.

[¶21]   *Edelman*'s reasoning regarding an administrative proceeding applies with equal strength here.  It would be "passing strange" to preclude application of Rule 15(c) to proceedings before the Superior Court.  Further, permitting amendment of the defective notice of claim does not significantly undermine the

oath requirement because a complainant must still comply with 24 M.R.S. § 2903(1) before filing the complaint, and the Superior Court retains jurisdiction to consider the appropriate sanction, if any, for the filing of an unsworn claim. *See* 24 M.R.S. § 2853(5).

[¶22] The ultimate purpose of our procedural rules is to secure justice. The court, in concluding that it lacked the authority to permit Frame to amend her notice of claim, poignantly observed: "Reasonable people could doubt the wisdom of imposing such a harsh and unfair result on a party for making such a relatively minor procedural mistake." Because we have not considered application of Rule 15(c) to a notice of claim since the 1986 amendment to the MHSA, the Superior Court cannot be faulted in failing to anticipate that, as revised, the MHSA supports applying the Civil Rules under the circumstances presented here. We conclude that neither the MHSA nor the Rules of Civil Procedure compel a harsh and unfair result in this case.

[¶23] The Hospital argues that our decision in *Paradis* interpreting the original MHSA, 24 M.R.S.A. §§ 2501-2905 (Supp. 1977), and the principle of stare decisis should act as a bar to permitting the amendment of the notice of claim in this case. It is true that there is no substantial difference between the previous and current statutory requirements requiring that a notice of claim be under oath. *Compare* 24 M.R.S.A. § 2903 (Supp. 1977), *with* 24 M.R.S. § 2853(1) (2012).

What has changed, and the reason why our decision in *Paradis* does not control our decision here, is the addition of mandatory, judicially sponsored prelitigation screening.[6]

[¶24] As a result of the 1986 revision of the MHSA, the document that commences an action for professional negligence is the notice of claim itself, and not the filing of a complaint. *Compare* 24 M.R.S.A. § 2903 (Supp. 1977), *with* 24 M.R.S. §§ 2853(1), 2903(1)(A) (2012). As a consequence, the filing of the notice of claim commences an action and invokes the jurisdiction of the Superior Court long before a complaint is ever filed.[7] *See* 24 M.R.S. § 2853(1), (5). As revised, the Act also provides that once an action is commenced, the Superior Court has jurisdiction to determine motions raising affirmative defenses. *See id.* § 2853(5); M.R. Civ. P. 12(c). This includes the authority to act on the defense that the claimant has not complied with the statutory procedures required by

---

[6] These changes are largely the result of the following amendments to the Act: P.L. 1985, ch. 804, § 12 (effective Jan 1, 1987) (codified as amended at 24 M.R.S. §§ 2851-2859 (2012)) (establishing prelitigation screening panels and the governing rules and procedures, and making screening mandatory absent agreement of the parties); P.L. 1989, ch. 361, § 6 (effective June 19, 1989) (codified as amended at 24 M.R.S. § 2853(5) (2012)) (granting the Superior Court authority to hear motions raising affirmative defenses prior to the submission of the case to the panel); P.L. 1989, ch. 827, § 4 (effective April 10, 1990) (codified as amended at 24 M.R.S. § 2859 (2012)) (providing that the statute of limitations is tolled upon service or filing of the notice of claim); P.L. 1991, ch. 505, §§ 1, 6 (effective Oct. 9, 1991) (codified as amended at 24 M.R.S. §§ 2853(1), 2903(1)(A) (2012)) (providing that a notice of claim commences an action for professional negligence).

[7] Previously, the service of a notice of claim initiated a mandatory ninety-day wait period before a claimant could file a complaint. The wait period now occurs after the prelitigation screening procedure and has been shortened to thirty days. *Compare* 24 M.R.S.A. § 2903 (Supp. 1977), *with* 24 M.R.S. § 2859 (2012).

16

section 2853(1) or that the case is time-barred under the applicable statute of limitations. *See Gafner v. Down E. Cmty. Hosp.*, 1999 ME 130, ¶ 29, 735 A.2d 969 ("Matters appropriately referred to the Superior Court pursuant to section 2853(5) may include statute of limitations defenses [and] allegations of failed notice . . . ."). Thus, unlike the 1977 version of the Act considered in *Paradis*, pursuant to the current law, the court's authority begins with the filing of a notice of claim and continues uninterrupted throughout the prelitigation screening process, even though the filing of a complaint for professional negligence does not occur until after prelitigation screening has been completed.[8] *See* 24 M.R.S. §§ 2853(1), (5), 2903(1)(B). At the time that *Paradis* was decided, the service of a notice of claim did not commence prelitigation screening, invoke the Superior Court's jurisdictional authority, or implicate the Rules of Civil Procedure.

[¶25] Moreover, the policy considerations that underlay our decision in *Paradis* do not apply here. In *Paradis*, the plaintiff never sought to amend the unsworn notice of claim, *see* 409 A.2d at 673-74, and we had no reason to address that possibility in our opinion. We concluded that the oath requirement was crucial to the functioning of the mandatory wait period to "weed out doubtful claims and encourage[] the settlement of meritorious ones." *Id.* at 674 (quoting the Pomeroy

---

[8] However, the Superior Court's authority is limited during the pendency of the screening procedure, and it may not render a judgment on the merits until the panel makes its determination. *See Gafner*, 1999 ME 130, ¶¶ 23-24, 735 A.2d 969.

Commission's study). We expressed concern for making "clear the significance of filing the document itself" and providing "a basis for a perjury action." *Id*. at 675. In this case, prelitigation screening implements several additional measures that serve this function, including a longer prelitigation period, discovery during prelitigation screening, the presentation of evidence at the panel hearing, and the panel's determination of liability. *See* 24 M.R.S. §§ 2852(6), 2853(4), (7), 2854(1), 2855 (2012). Permitting an amended, sworn notice of claim to relate back to the filing date of an unsworn notice of claim does not undermine these goals, provided that, as is true here, the claimant cures the defect without undermining the integrity of the prelitigation screening panel hearing and before the filing of a complaint pursuant to section 2903(1). In fact, Frame's filing of an amended, sworn notice of claim will ensure that she appreciates the significance of the filing and has provided a basis for a perjury action at this early stage in the proceedings before the screening panel hearing.

[¶26] In short, *Paradis* does not control the question of whether after the 1986 revision of the MHSA, the court may, in a manner consistent with M.R. Civ. P. 15(c), permit Frame to amend her notice of claim and have the amendment relate back to the date the notice was originally filed.

18

## C.    Conclusion

[¶27]   We conclude that the court erred in determining that it lacked authority to permit Frame to amend her unsworn notice of claim and have the amendment relate back to the original filing date for purposes of tolling the statute of limitations pursuant to 24 M.R.S. § 2859.   Where, as is the case here, prelitigation screening has not yet occurred and there is no reason to conclude that a defendant will be prejudiced if an amendment is permitted, the amendment should be granted.

The entry is:

> Judgment vacated.   Remanded for entry of an order (1) permitting Frame to amend her notice of claim with the amendment relating back consistent with M.R. Civ. P. 15(c), and (2) denying the Hospital's motion to dismiss.

---

MEAD, J., with whom ALEXANDER, J., joins, dissenting.

[¶28]  I respectfully dissent.  Although I agree with the Court's conclusions that there are no substantive differences between the pre-1987 version of the relevant provision of the Maine Health Security Act, 24 M.R.S.A. § 2903 (Supp. 1977), and the current version, and as a matter of stare decisis, we are bound by our decision in *Paradis v. Webber Hosp.*, 409 A.2d 672 (Me. 1979), I

disagree with the Court's ultimate conclusion that *Paradis* does not control our decision.

[¶29]  The Maine Health Security Act (MHSA or Act) became effective in 1977 to codify the recommendations of a study undertaken by the Commission to Revise the Laws Relating to Medical and Hospital Malpractice Insurance, known as the Pomeroy Commission.  L.D. 727, Statement of Fact (108th Legis. 1977); L.D. 1825 (107th Legis. 1975) (establishing the commission); *see also Paradis*, 409 A.2d at 674 (providing a brief history of the MHSA).  Shortly after the MHSA's enactment, we considered the issue of whether an unsworn notice tolls the statute of limitations.  *See Paradis,* 409 A.2d 672.  At the time, the Act combined within one section the provisions concerning the commencement of an action, the written notice of claim, the service of the claim, and tolling the statute of limitations, providing:

> No action for death or injuries to the person arising from any medical, surgical or dental treatment, omission or operation shall be commenced until at least 90 days after written notice of claim setting forth under oath the nature and circumstances of the injuries and damages alleged is served personally or by registered or certified mail upon the person or persons accused of wrongdoing.  Any applicable statute of limitations shall be tolled for a period of 90 days from service of notice.

P.L. 1977, ch. 492, § 3 (effective Oct. 24, 1977) (codified at 24 M.R.S.A. § 2903 (Supp. 1977)).  We held that the claimant's written notice failed to toll the statute

of limitations because it was not filed under oath. *Paradis*, 409 A.2d at 675. We concluded that the oath requirement was consistent with the statute's plain meaning and expressly rejected the plaintiff's argument "that the statutory purpose was merely to give *notice* of a pending claim." *Id.* at 674-75. Instead, we stated that the oath requirement was more than a "mere technicality," observing that the oath's "function is both to make clear the significance of filing the document itself and to provide a basis for a perjury action upon proof of falsification." *Id.* at 675 (citation omitted).

[¶30] As noted above, I agree with the Court's conclusions that there are no substantive differences between the pre-1987 version of section 2903 of the MHSA and the current version. *See* Court's Opinion ¶ 10. Under either version of the statute, however, the rule is the same—a claimant's failure to file a written notice under oath does not toll the statute of limitations. *See Paradis*, 409 A.2d at 674-75. Thus, at the time when Frame requested leave of court to amend her notice and have it relate back to the original filing, the statute of limitations had already run. Applying the *Paradis* principles, she was left in the position of a party who seeks leave of court to file a claim after the statutory period for filing had expired.

[¶31] Medical malpractice actions in Maine are based in statute, and, as discussed above, so is the relevant statue of limitations which "should be construed

strictly in favor of the bar which it was intended to create, and not liberally." *Nuccio v. Nuccio*, 673 A.2d 1331, 1334 (Me. 1996) (quoting *Duddy v. McDonald*, 148 Me. 535, 538, 97 A.2d 445 (1953)). The court should not lightly expand constraints that are dictated by statute.

[¶32] I do not reach the issue of whether medical malpractice notices are pleadings for purposes of Rule 15, other than to note that we have expressly limited its application to pleadings. *See Lee v. Maier*, 1999 ME 62, ¶¶ 14-15, 728 A.2d 154 ("By its terms . . . M.R. Civ. P. 15(c)(2) only applies to pleadings."). Nor do I consider whether such amended notices could appropriately "relate back" if filed in a timely fashion. The operation of the statute and the application of the *Paradis* case produce an inevitable result: the defective and inadequate notice of claim was ineffective to toll the statute of limitations.

[¶33] I do not disagree that this result can be perceived as harsh. The approach and analysis undertaken in the *Edelman* case arguably allows a more flexible and forgiving result. However, in *Paradis*, this Court had the opportunity to fashion a flexible and forgiving approach, but declined to do so.

[¶34] If the Legislature had determined that the holding of *Paradis* was too harsh, it could have expressly uncoupled the notice and oath requirements when it amended the Act. *See, e.g., Stockly v. Doil*, 2005 ME 47, ¶ 14, 870 A.2d 1208 ("The Legislature is presumed to be aware of the state of the law and decisions of

this Court when it passes an act."); *Taylor v. Town of Orono*, 585 A.2d 807, 808-809 (Me. 1991) (holding that defective notice can be excused if there is substantial compliance with the Maine Tort Claims); *Townsend v. Me. Bureau of Pub. Safety*, 404 A.2d 1014, 1016 (Me. 1979) (noting that the Legislature avoided the harsh results of prior cases that held that a gradually occurring injury was non-compensable by deleting the accident requirement); *Michaud v. N. Me. Med. Ctr.*, 436 A.2d 398, 403 (Me. 1981) (Wathen, J., dissenting) ("In . . . areas when the legislature has wished to temper the harsh results of similar provisions, they have demonstrated that they are capable of doing so expressly."). Instead, the Legislature clearly endorsed our earlier interpretation, as evidenced by the continuity in language used after the amendments with only a minor restructuring of the statutory section at issue.

[¶35] I would conclude that we are bound by our previous holding in *Paradis*. Here, as in *Paradis*, Frame's unsworn notice of claim failed to toll the statute of limitations. Unless we take the extraordinary step of overruling this Court's earlier precedent, potential medical malpractice claimants remain on notice that strict compliance is required with all procedural elements of the MHSA.

[¶36] I would affirm the decision of the Superior Court granting the Hospital's motion to dismiss.

_____

**On the briefs:**

Samuel M. Pollack, Esq., Pollack & Flanders, LLP, Boston, Massachusetts, for appellant Perri Frame

Mark G. Lavoie, Esq, and Jennifer A.W. Rush, Esq., Norman, Hanson & DeTroy, LLC, Portland, for appellees Millinocket Regional Hospital, Daniel C. Herbert, William R. Jenkins, Kevin R. Olsen, Kwaku Owusu, and Douglas A. Rhoda

Richard L. O'Meara, Esq., Murray, Plumb & Murray, Portland, for amicus curiae Maine Trial Lawyers Association

**At oral argument:**

Anthony L. Gray, Esq., Pollack & Flanders, LLP, Boston, Massachusetts, for appellant Perri Frame

Christopher C. Taintor, Esq., for appellees Millinocket Regional Hospital, Daniel C. Herbert, William R. Jenkins, Kevin R. Olsen, Kwaku Owusu, and Douglas A. Rhoda