STATE OF MAINE
YORK, SS.

SUPERIOR COURT
Civil Action
Docket No. CV-12-139

SHARON HOTHAM, Personal
Representative of the Estate of
Waman Hotham,

Plaintiff,

v.

MARK A. RAUTENBERG, M.D. and
MARK A. RAUTENBERG, M.D., P.A.,

Defendants.

**ORDER GRANTING
MOTION TO DISMISS
AS TO PROFESSIONAL
ASSOCIATION**

Sharon Hotham in her capacity as personal representative of the estate of her late husband, Waman Hotham, has filed this medical malpractice action against Mark A. Rautenberg, M.D., for alleged negligent care and treatment in March 2011. The complaint also names as a defendant Dr. Rautenberg's professional association, Mark A. Rautenberg, M.D., P.A. ("professional association" or "P.A.") Before the court is a motion to dismiss the professional association as a party. The motion to dismiss is granted.

### Background

Waman Hotham was brought to the Goodall Hospital emergency room and treated by Dr. Rautenberg on March 4, 2011. Shortly after discharge he was returned to the hospital with difficulty breathing, and later transferred to Southern Maine Medical Center. He passed away on April 17, 2011. (Def.'s Mot. Dismiss Ex. A.)

Just over a year later, on June 5, 2012, plaintiff filed a notice of claim pursuant to section 2853 of the Maine Health Security Act, 24 M.R.S. §§ 2501-2961 *et seq.* alleging

1

that Dr. Rautenberg, Goodall Hospital, Dr. Danyelle Tierney, Southern Maine Medical Center, and Maine Health, the parent company, were negligent in their treatment of Mr. Hotham and that their negligence caused his death. The notice of claim did not name Dr. Rautenberg's professional association. (Def.'s Mot. Dismiss Ex. A.) After completing discovery and prior to proceeding to hearing before a prelitigation screening panel, plaintiff dismissed the claims against all providers named in the notice of claim except Dr. Rautenberg. (Def.'s Mot. Dismiss 2). The panel issued its decree on May 14, 2014 unanimously finding that Dr. Rautenberg's acts or omissions did not violate the applicable standard of care and that his acts or omissions, if any, were not the cause of Mr. Hotham's death. (Def.'s Mot. Dismiss Ex. B).

On July 24, 2014 Plaintiff filed the instant complaint, dated July 8, 2014. The complaint names Dr. Rautenberg as a defendant and also names his professional association as a defendant.

### Discussion

The motion to dismiss contends that the action against the professional association must be dismissed because plaintiff did not comply with the procedural requirements of the Maine Health Security Act[1] and because the action against the professional association was filed after the expiration of the three-year limitations period in 24 M.R.S. § 2902. The court agrees that the action against the P.A. is barred by the statute of limitations.

"[A]ctions for professional negligence must be commenced within 3 years after the cause of action accrues." 24 M.R.S. § 2902. A cause of action accrues on the date

---

[1] Defendants contend that plaintiff failed to comply with the procedural requirements in subchapter 4-A of the Maine Health Security Act by not naming the P.A. in the notice of claim and by not joining it as a party to the hearing before the screening panel. Because the court concludes that the statute of limitations bars the action against the P.A. it does not consider this alternate ground.

2

of the act or omission giving rise to the injury. *Id.* The running of the 3-year limitation period is tolled, however, by serving or filing a notice of claim, beginning on the date service or filing in Superior Court until 30 days following the day upon which the claimant receives notice of the finding of the panel. 24 M.R.S. §§ 2859, 2903(2).

Where there are multiple individuals or entities involved in a professional negligence action, a notice of claim serves to toll the statute of limitations only as to the individuals or entities named in the notice of claim. *Garland v. Sherwin,* 2002 ME 131, ¶ 6, 804 A.2d 354. In *Garland v. Sherwin,* for example, plaintiff filed an initial notice of claim against a physician and MRI practice but later amended the notice to assert additional claims against another physician (a radiologist) and Eastern Maine Medical Center. The Court held that the statute of limitations as to the radiologist was not tolled until the filing of the amended notice of claim; therefore, since the statute continued to run during the time between the filing of the original notice of claim and the amended notice of claim, the subsequent civil action against the radiologist was filed beyond the statute of limitations and therefore barred. *Id.* ¶ 5-6.

Mark Rautenberg, M.D., P.A. is a distinct, separate legal entity. It was not named in the notice of claim. Strictly speaking, the statute of limitations in section 2902 was not tolled as to it, and continued running after the notice of claim naming Dr. Rautenberg individually had been filed. 24 M.R.S. §§ 2859, 2903(2); *Garland,* 2002 ME 131, ¶5, 804 A.2d 354. The complaint naming the P.A. (for the first time) is dated July 8, 2014; it was filed on July 11, 2014. That is beyond the 3-year limitation period in this case, which would have expired, at the latest, on April 17, 2014.

The clerk will make the following entry, by reference, on the docket pursuant to Rule 79(a):

The motion to dismiss is GRANTED as to Mark A. Rautenberg, M.D., P.A.

3

**SO ORDERED.**

DATE:    January 12, 2016

Wayne R. Douglas
Justice, Superior Court

CV-12-239

ATTORNEY FOR PLAINTIFF:
CELINE BOYLE, ESQ.
ALEXANDER SPADINGER, ESQ.
SHAHEEN & GORDON PA
PO BOX 1179
SACO, ME 04072

ATTORNEY FOR DEFENDANT:
JAMES MARTEMUCCI, ESQ.
GERMANI MARTEMUCCI RIGGLE & HILL
43 DEERING STREET
PORTLAND, ME 04101